## Richmond

Ham Say Naim v. Ruby Elaine Naim.

January 18, 1956.

Record No. 4368.

Per Curiam: On December 21, 1955, the Clerk of this court received a copy of an order entered by the Supreme Court of the United States on November 14, 1955, in which it was ordered and adjudged "that the judgment of the said Supreme Court of Appeals, in this cause be, and the same is hereby, vacated", and further ordering that the cause be "remanded to the Supreme Court of Appeals of Virginia in order that the case may be returned to the Circuit Court of the City of Portsmouth for action not inconsistent with the opinion" of the said Supreme Court.

The opinion of the Supreme Court referred to stated in part as follows:

"The inadequacy of the record as to the relationship of the parties to the Commonwealth of Virginia at the time of the marriage in North Carolina and upon their return to Virginia, and the failure of the parties to bring here all questions relevant to the disposition of the case, prevents the constitutional issue of the validity of the Virginia statute on miscegenation tendered here being considered 'in clean cut and concrete form, unclouded by such problems.' *Rescue Army* v. *Municipal Court*, 331 U. S. 549, 584." (In the case cited the appeal was dismissed, whereas in the present case the judgment of this court was vacated without any adjudication of invalidity.)

The judgment of the Supreme Court of Appeals of Virginia so vacated affirmed a decree of the Circuit Court of the City of Portsmouth,

which held that the marriage of the parties was void under Section 20-54 of the Code, the Virginia statute on miscegenation. We held that statute to be constitutional for the reasons stated in the opinion, 197 Va. 80, 87 S. E. (2d) 749.

As therein stated, the material facts were not in dispute. The record showed that the complainant in the suit, a white woman, was an actual *bona fide* resident of, and domiciled in, Virginia, and had been for more than a year next preceding the commencement of the suit; that the defendant was a Chinese and a non-resident of Virginia at the time of the institution of the suit; that they had gone to North Carolina to be married for the purpose of evading the Virginia law which forbade their marriage, were married in North Carolina and immediately returned to and lived in Virginia as husband and wife.

Under these facts shown by the record the Circuit Court of the City of Portsmouth had jurisdiction to hear and determine the cause. Code of Virginia, §§ 20-96, 20-97, 20-98. The Supreme Court of Appeals of Virginia had jurisdiction to review the decree of the Circuit Court of the City of Portsmouth. Code, §§ 8-462, 17-94; Constitution of Virginia, Article VI.

On the review the decree of the trial court was affirmed.

The record before the Circuit Court of the City of Portsmouth was adequate for a decision of the issues presented to it. The record before this court was adequate for deciding the issues on review. The decision of the Circuit Court adjudicated the issues presented to that court. The decision of this court adjudicated the issues presented to it. The decree of the trial court and the decree of this court affirming it have become final so far as these courts are concerned.

We have no provision either under the rules of practice and procedure of this court or under the statute law of this Commonwealth by which this court may send the cause back to the Circuit Court with directions to re-open the cause so decided, gather additional evidence and render a new decision. Indeed, such action would be contrary to our fixed rules of practice and procedure (Rules 2:22, 5:1 § 1, et seq.) and our statute law (Code of Virginia, 1950, Title 8, Chapters 17, 18, 21.)

We therefore adhere to our decision of the cause and to the decree of this court which affirmed the final decree of the Circuit Court of the City of Portsmouth holding that the marriage of the parties to this cause was void.