Motion to dismiss appeal denied July 10, 1930; argued January 8; affirmed February 10, 1931

BRADY *v.* SCHNITZER ET AL.

(295 P. 961)

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief) for appellants.

*Floyd D. Moore,* of Portland (Clarence A. Potts, of Portland, on the brief) for respondent.

BELT, J. This is an action to recover damages for personal injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendants. Plaintiff, an elderly woman, alleges that, while walking in a westerly direction across the north side of Montgomery street in the city of Portland, she was struck by an automobile owned and operated by the defendants, who were copartners doing business under the assumed name of Alaska Junk Company. Montgomery street intersects First street at right angles. She claims she crossed this street intersection at the regular pedestrian crossing and that, notwithstanding her right of way, the automobile driven by the agent of the defendants approached from the north on the left side of First street at a high and dangerous rate of speed, striking and severely injuring her before she reached the center of First street. The pavement was covered with snow and ice about sixteen inches deep, excepting where the way had been cleared at pedestrian crossings and in the center of the streets for vehicular traffic. The accident occurred at about 5:30 in the evening of February 7, 1929. It was dusk and the lights on the automobile were burning.

Defendants deny the negligence charged and allege affirmatively that plaintiff was guilty of contributory negligence in that (1) she failed to maintain a proper lookout for the automobile; (2) failed to cross the street intersection at the regular pedestrian crossing and did not yield the right of way to the automobile; (3) that she was under the influence of intoxicating

liquor and did not exercise a reasonable degree of care to avoid injury; and (4) that she attempted to proceed in a general westerly direction across First street, directly in the path of the automobile. Plaintiff replied denying the charges of negligence. Verdict and judgment were had for plaintiff in the sum of $6,500. Defendants' appeal is based solely upon exceptions to instructions given and to the refusal to give others which were requested.

Exception is taken to the giving of the following instructions relative to the charge that the intoxication of plaintiff was a contributing cause of her injury:

"If you find from the evidence that the plaintiff was intoxicated at the time she was injured, it will also be necessary for you to find that plaintiff failed to exercise the degree of care that an ordinary prudent sober person would exercise under like or similar circumstances, and that the failure to exercise that degree of care directly contributed to the proximate cause of the injury before you can find plaintiff guilty of contributory negligence.

"If you should find from the evidence that plaintiff had intoxicating liquor on her person or was intoxicated at the time she received the injury, that fact alone does not make plaintiff guilty of contributory negligence.

 "I instruct you that intoxication is synonymous with drunkenness, evidenced by undue and abnormal excitations of the passions or feelings or the impairment of the capacity to think and act correctly and efficiently. The party under the influence of liquor is not necessarily intoxicated and cannot be so judged unless his or her mental and physical faculties are impaired."

The instructions given are in keeping with those approved by this court in *Parker v. Smith Lumber Co.*, 70 Or. 41 (138 P. 1061). Whether plaintiff was intoxi-

cated at the time of the accident was, in view of the conflicting evidence, a question of fact for the jury. The mere fact, in itself, that she was intoxicated would not preclude recovery unless such condition was the proximate cause of her injury. Regardless of whether or not she was intoxicated, her conduct is to be measured by that degree of care which an ordinarily prudent person of like age and experience would have exercised under similar circumstances. In other words, her conduct is to be tested by the degree of care which a person not intoxicated would have exercised. The rule is thus stated in 45 C. J. 997:

"The care required of a person who has become intoxicated voluntarily is the same as that required of one who is sober. If he fails to exercise that degree of care for his safety which an ordinarily prudent sober person would exercise under the same or similar circumstances, and such failure contributes as a proximate cause to the injury of which he complains, he is guilty of contributory negligence."

Also see note in L. R. A. 1916F, 101.

■ Complaint is made of the following instruction given:

"If you find from the evidence that the defendant S. Schnitzer was at the time of the accident driving the automobile mentioned in the complaint carelessly and heedlessly and in wilful and wanton disregard of the rights or safety of others, or without due caution or circumspection, or at a speed, or in a manner so as to endanger any person or property, then the defendants would be guilty of negligence."

It may be that this instruction is abstract in that there is no evidence upon which to base the charge that defendants were guilty of "wilful and wanton disregard of the rights or safety of others," but it certainly was not prejudicial to the defendants. Had it been

given at the request of defendants, plaintiff would have had cause to complain. It was not necessary to recovery that plaintiff establish such degree of negligence. In view of the severity of the injuries and the reasonableness of the verdict, it is difficult to conceive that the jury included in its verdict any amount for punitive damages. Indeed, the instruction is in the language of the Motor Vehicle Act. (§ 55-513, Oregon Code 1930.)

■ Defendants also predicate error on the giving of the following instruction:

"If the pedestrian observes vehicles in the street at such distance from the intersection that would lead a reasonable person to believe that she can cross safely before the arrival of such vehicle, she has a right to cross, and if the driver of the vehicle, after the pedestrian has entered the intersection and is engaged in crossing, finds that if he continues his rate of speed and crosses without slackening his speed or without swerving from his course, a collision will result, it is then the duty of the driver of the automobile to have his car under such control that he can slacken his speed, or turn from his course so as to avoid a collision and if he neglects to do so and a collision occurs as a result thereof, then the driver of such vehicle is liable for damages resulting therefrom, unless you find that the plaintiff was guilty of negligence herself."

The above instruction is identical with that approved in *Hinckley v. Marsh et al.*, 124 Or. 1 (263 P. 886). Defendants, however, assert that such is not the law if plaintiff was crossing at a point other than a regular pedestrian crossing, and that it takes no cognizance of their theory that she did not follow the regularly defined crosswalk, but "jay-walked" across

the intersection. This contention is wholly untenable when viewed in the light of other parts of the charge, wherein the court explicitly instructed the jury:

"If you shall find from the evidence ⸍that the plaintiff herein was attempting to cross First street at a point other than the crossing, it became her duty to yield the right of way to the defendant Schnitzer."

We have carefully considered the entire charge and are convinced that the issues were clearly and fairly stated to the jury. We have selected only those assignments of error upon which we think counsel for defendants seriously rely. There are several which appear to be frivolous.

Finding no error in the record, the judgment of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.