Argued February 20; affirmed March 7, 1951

# FOSSI *v.* GEORGE
228 P. 2d 798

*Cleveland C. Cory* argued the cause for appellant. With him on the brief were Manley B. Strayer, George H. Fraser, and Hart, Spencer, McCulloch, Rockwood and Davies, all of Portland.

*Donald H. Joyce,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and TOOZE, Justices.

HAY, J.

The plaintiff, Beverly Austin Fossi, sued the defendant, Kenneth K. George, for damages for personal injuries suffered by her as the result of the collision of an automobile driven by George, in which plaintiff was a guest passenger, with a guard rail upon the edge of a highway. Trial by jury resulted in a verdict and judgment in favor of defendant. The trial court, on motion of plaintiff, set aside the judgment and ordered a new trial. Assigning this action of the court as error, defendant appeals.

In her complaint, plaintiff charged defendant with gross negligence, as follows: (a) Driving at a high, dangerous and reckless rate of speed; (b) failing to keep a proper lookout; (c) failing to have his automobile under proper control; and (d) driving his automobile while intoxicated. Defendant's answer admitted the collision, but denied generally the other allegations of the complaint. Affirmatively, it pleaded contributory negligence on plaintiff's part.

The evidence, viewed in the light most favorable to plaintiff, tended to prove that, on the evening of December 14, 1947, defendant and two friends spent a social evening in downtown Portland, in the course of which defendant, between 10:00 p. m. and 12:30 a. m., visited three taverns, where he ate some sandwiches and drank three or four glasses of draught beer and one bottle of bottled beer. Plaintiff met defendant and his two friends at the tavern which defendant visited last. At his invitation she went with him and his friends for a ride in defendant's automobile, with defendant driving. They drove to Portland Heights via Broadway Drive and Patton Road, and thence into Humphrey Boulevard. At first, defendant's driving was normal, but afterward he increased speed. En route, while driving "quite fast," he stopped the car so abruptly on coming to a stop street that plaintiff and another member of the party, who were in the rear seat, were thrown forward. They asked defendant to slow down. At another stop street defendant failed to stop, and because of such failure was halted by a police patrol and given a citation for traffic violation. Humphrey Boulevard is tortuous or winding, and defendant was "straightening the corners" by driving in the left lane of traffic when going around left curves. Plaintiff protested against such driving, and asked defendant what he would do if he met a car coming from the other direction. He answered that he would see the lights. Almost immediately thereafter, upon arriving at another left curve, defendant attempted to "round off" the curve by driving in the right lane of traffic, as plaintiff had asked him to do, instead of the left lane as he had been doing. He attempted to make a wide turn, but the car wheels skidded and the car

collided forcibly with the guard rail on the outer edge of the highway. Defendant had been driving at about thirty miles an hour. The damage to the car from the collision was not extensive. The car, having traveled no more than a few feet after the collision, came to a stop with its side against the guard rail.

The trial judge expressly withdrew from the jury the charge of defendant's having driven while intoxicated, being of the opinion that there was no evidence to prove the allegation of the complaint in that regard. On reconsideration, on the motion to set the judgment aside and grant a new trial, the judge felt that his withdrawal of the charge was error.

Defendant suggests that the only evidence of his intoxication was testimony that during the period of approximately three hours immediately before the accident he had consumed "several" beers.

██ This court has said that a person "is intoxicated within the meaning of the guest statute when he is under the influence of an intoxicating liquor to such an extent as to tend to prevent him from exercising the care and caution which a sober and prudent person would have exercised under the same circumstances." *Willoughby v. Driscoll*, 168 Or. 187, 198, 120 P. 2d 768, 121 P. 2d 917. Evidence that defendant had been drinking intoxicating liquor, without proof that he had drunk enough to render him incapable of giving to his driving the care and attention of a reasonably prudent driver, would not have been sufficient to take the case to the jury on the intoxication specification. 4 Shearman & Redfield on Negligence, Rev. ed., 1645, § 700. We think, however, that evidence that, within a short time immediately before starting out upon the excursion, he had drunk a not inconsiderable amount of intoxicating

liquor, combined with the evidence which we have recited indicating an irresponsible, careless or haphazard manner of driving, was sufficient to make the question of his intoxication one for the jury. While the evidence against him on this point was not overwhelming, we think that it was substantial, and the jury might reasonably have inferred from it, despite his evidence to the contrary, that the defendant was intoxicated. *Hanson v. Schrick,* 160 Or. 397, 402, 85 P. 2d 355; *Brady v. Schnitzer,* 135 Or. 250, 252, 295 P. 961; *Walker v. Penner,* Or. (1951), Vol. 52, Ad. Sh. 213.

■ It is suggested that failure to drive to the right of the highway when the left side was free of traffic was no evidence even of simple negligence. *Barnes v. Davidson,* Or. (1951), 226 P. 2d 289, 294; *Austin v. Portland Traction Co.,* 181 Or. 470, 476, 182 P. 2d 412. That is true, where the driver has a clear view along the highway for at least 500 feet. But, if he does not have such clear view, then § 115-331 (a) O.C.L.A., as amended by Ch. 428, Oregon Laws 1941, applies. That section makes it unlawful for any driver to drive on the left side of the center line of a highway upon a curve, where the driver's view along the highway is obstructed within 500 feet. There was no direct evidence that defendant's vision, while driving around left curves, was so obstructed, but we think that the jury might reasonably have inferred that fact from the evidence that defendant was relying solely upon the lights of cars, which might have been coming toward him from around the curves, to give him timely warning of their approach.

In any event, it is improper to weigh and discard separately the component parts of evidence which, in combination, were sufficient proof to warrant sub-

mission to the jury of the issue of defendant's intoxication.

■ An additional reason which impelled the trial court to grant a new trial was that, while it instructed the jury upon gross negligence, it failed to instruct it as to what constitutes ordinary negligence. We have held that "it is entirely proper in a gross negligence case to instruct the jury on the meaning of negligence," and have expressed doubt that a jury, without an understanding of the meaning of negligence, would be able to determine that a party has been guilty of gross negligence. *Rogers, Adm'r, v. Southern Pacific Co. et al.,* 190 Or. 643, 227 P. 2d 979. We have examined the entire charge, and do not find that it contained any definition of simple or ordinary negligence. In our opinion, omission to instruct the jury in that regard was error.

Our conclusion is that in setting aside the judgment and granting a new trial the trial judge was right. The order appealed from is affirmed, with costs.