## McCANN v. TERHUNE.

1. AUTOMOBILES—GUEST PASSENGER—INJURIES—GROSS NEGLIGENCE —WILFUL AND WANTON MISCONDUCT.

A person transported by owner or operator of a motor vehicle as a guest without paying for the transportation has no cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was caused by the gross negligence or wilful and wanton misconduct of the owner or operator and the gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action was brought (CLS 1961, § 257.401).

2. WORDS AND PHRASES—TRANSPORT.

To transport means to carry or convey from one place to another and can also be defined by the words pull, draw, push, or shove.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 8 Am Jur 2d, Automobiles and Highway Traffic § 471 et seq.
Automobiles: liability of owner or operator for injury to guest, 20 ALR 1014, s. 26 ALR 1425, 40 ALR 1338, 47 ALR 327, 51 ALR 581, 61 ALR .1252, 65 ALR 952.
[5, 7] 8 Am Jur 2d, Automobiles and Highway Traffic § 475 et seq.
[6] 50 Am Jur, Statutes § 219.
[8] 39 Am Jur, New Trials § 117 et seq.

3. Automobiles—Guest Passenger—Statute—Strict Construction.

The guest passenger statute is in derogation of the common law and is to be strictly construed against limiting common-law remedies (CLS 1961, § 257.401).

4. Same—Common Law—Negligent Driver.

A common-law right of recovery against a negligent operator of a vehicle will only be denied when facts are clearly within the meaning and intendment of a statute limiting the right of recovery.

5. Same—Transportation—Guest Passenger.

Plaintiff who was hit and knocked down as defendant's car suddenly started up in reverse when she had 1 foot inside car but had not sat down would not have been conveyed by the car if it had started and was not being transported within meaning of guest passenger statute (CLS 1961, § 257-.401).

6. Same—Statute—Terms—Interpretation.

Question of interpretation of terms of statute is a question of law to be ruled upon by trial court.

7. Same—Guest Passenger—Transportation.

Plaintiff who was hit and knocked down by defendant's car while attempting to enter it for immediate transportation on a gratuitous basis was, as a matter of law, not being "transported" under guest passenger act and could recover for ordinary negligence of driver and owner (CLS 1961, § 257.401).

8. New Trial—Automobiles—Negligence—Jury Instructions.

New trial is granted in automobile negligence case in which jury verdict of no cause of action could have been based either on finding of no ordinary negligence on part of defendant or on finding that plaintiff was a guest passenger because of incorrect instruction that jury could determine whether she had that status when she was not a guest passenger as a matter of law (CLS 1961, § 257.401).

Appeal from Wayne, Kaufman (Charles), J. Submitted Division 1 January 9, 1968, at Detroit. (Docket No. 3,059.) Decided July 23, 1968.

Complaint by Jean L. McCann against Floyd Terhune and Ira Hogan for personal injuries sustained when car driven by defendant Terhune and owned by defendant Hogan hit her. Verdict and judgment of no cause of action. Plaintiff appeals. Reversed and remanded.

*Alspector, Sosin & Mittenthal,* for plaintiff.

*Johnson, Campbell & Moesta,* for defendants.

J. H. GILLIS, J. The question presented here is whether a person in the act of entering an automobile for immediate transportation on a gratuitous basis is being "transported" under CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101), Michigan's guest-passenger statute, so as to bar the right to recover against the driver and owner of the vehicle for ordinary negligence.

The plaintiff, Mrs. McCann, had made arrangements with Mr. Terhune, one of the defendants, to take her to church on November 15, 1964. Mr. Terhune had taken Mrs. McCann to church without payment on several occasions and arrived at the McCann residence with Mr. Yarborough, an elderly man whom Mr. Terhune was also taking to church. The automobile was owned by defendant Hogan. Mrs. McCann was attempting to enter the car when Mr. Yarborough, who was seated in the middle of the front seat, accidentally struck the gas pedal with his foot. The car bolted backwards and its open door struck Mrs. McCann and knocked her down.

CLS 1961, § 257.401, *supra,* provides in pertinent part:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation

of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law require. * * * Provided, however, That no person *transported* by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought." (Emphasis supplied.)

The trial court ruled as a matter of law that the defendants were not guilty of gross negligence or wilful and wanton misconduct and left it to the jury to determine whether the plaintiff was a guest passenger under the statute, and if not, whether the defendants were guilty of ordinary negligence. The jury returned a verdict of no cause of action.

The problem of when a person is transported was treated in *Castle* v. *McKeown* (1950), 327 Mich 518, but the facts of that case make it inapplicable to the situation before us. *Castle* v. *McKeown* dealt with the problem of whether transportation had ended. We are here concerned with whether transportation has begun.

To "transport" is defined in Black's Law Dictionary (4th ed, 1951, p 1670) as "to carry or convey from one place to another." See *Langford* v. *Rogers* (1936), 278 Mich 310. The term "transport" can also be defined by the words "pull", "draw", "push" or "shove". *Langford* v. *Rogers,* supra, p 314.

The Michigan guest passenger statute is in derogation of the common law and is to be strictly con-

strued against limiting common-law remedies. *Brown* v. *Arnold* (1942), 303 Mich 616. The common-law right of recovery against a negligent operator of a vehicle will only be denied when the facts are clearly within the meaning and intendment of the statute.

The term "transported" has a common and accepted meaning of "carried" or "conveyed" which we believe must prevail in this case. The plaintiff here, under the facts adduced, would not have been conveyed by the car even if it was to have started its journey in the intended direction. If the plaintiff had been safely in the car, the injury for which recovery is sought would not have been suffered. To say that such a person is being "transported" would strain the natural meaning of the word and result in an expansion of the term beyond its strict definition:

The question of interpretation of the terms of a statute is a question of law which should have been ruled upon by the lower court.

According to the testimony most favorable to defendant, the farthest that the plaintiff had progressed in entering the car was that she had one foot inside the car and one hip on the seat but had not yet gained her seat. Plaintiff's own testimony was that she was about to get one foot into the car but that she had, as yet, only made an approach to getting in. We rule that as a matter of law the plaintiff was not being transported since, assuming *arguendo* the most damaging testimony to the plaintiff concerning her position in the car, she still would not have been in such a position that she would have been carried or conveyed by the automobile had it begun the trip to church. Indeed the nature of her injury proves that she suffered it because she was not being transported.

The case must be remanded for a determination of whether the defendant Terhune was guilty of ordinary negligence in the operation of the vehicle, since the jury in the first trial might have based its verdict on plaintiff's status as a guest passenger.

Reversed and remanded. Costs to appellant.

Quinn, P. J., and Holbrook, J., concurred.