Argued October 11, 1972, affirmed January 19, 1973

HARDER, *Appellant, v.* GRAY, *Respondent.*

505 P2d 347

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison and Donald N. Atchison, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and James B. O'Hanlon, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

Plaintiff was injured while a guest passenger in defendant's car. Plaintiff appeals from a judgment of nonsuit rendered in the ensuing damage action.

ORS 30.115 provides that a guest passenger cannot recover (1) "unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication." The issue is whether there is any evidence of gross negligence or intoxication. Plaintiff's argument seems to be threefold: (1) the physical facts of the occurrence are evidence of gross negligence; (2) there was evidence that plaintiff had been drinking and this, plus evidence of simple negligence, was evidence of gross negligence; and (3) there was evidence that defendant was intoxicated.

We readily conclude that the physical facts of this occurrence cannot create an inference of gross negligence and there is no evidence that defendant was intoxicated.

Plaintiff's other contention is also not well taken but merits some comment. The defendant, age 17, had three bottles of beer between 7:30 and 9:00 p.m. He thereafter became "sick." We will assume it could be inferred he became "sick" from drinking the beer. About 12:30 a.m. the next morning the car defendant was driving went off the road and plaintiff was injured. The only direct evidence was that the car went off the road because of loose gravel on the road surface or the failure of the steering mechanism. There is no evidence from which an inference can be drawn

that the beer the defendant drank at least three and one-half hours before had any effect upon his driving. In this state of the record there is no evidence of gross negligence. *Stites v. Morgan,* 229 Or 116, 121, 366 P2d 324 (1961), had evidence more favorable to the plaintiff guest. We held, however, that it was not sufficient to make out a case of gross negligence.

Affirmed.

McALLISTER, J., concurs in the result.