Argued June 5, affirmed August 2, 1973

JEWETT, *Appellant, v.* KOSYDAR, *Respondent.*

512 P2d 995

*Thomas E. Wurtz,* Springfield, argued the cause and filed briefs for appellant.

*James C. Goode,* Albany, argued the cause for respondent. With him on the brief were Goode, Goode, Decker & Hinson, Albany.

O'CONNELL, C. J.

This is an action to recover damages for personal injuries suffered by plaintiff when defendant's automobile ran over plaintiff's leg. Defendant de-

murred to plaintiff's complaint which was sustained and plaintiff appeals.

Plaintiff's complaint alleged in part as follows:

"II.

"That on or about the 6th day of April, 1972, at about the hour of 10:00 P.M. the Plaintiff was standing at the side of the automobile owned by Defendant, which was parked in the backyard of the residence of one Lou Chartrey, in Toledo, Lincoln County, Oregon, and Plaintiff was about to enter Defendant's automobile and had put one foot into the Defendant's automobile; that the Defendant abruptly moved the automobile which she was operating, and the Plaintiff's leg was jerked so that she was pulled under the Defendant's automobile and the wheel of said automobile ran over the Plaintiff's leg, causing the Plaintiff injuries as hereinafter more specifically set forth."

It is assumed by the parties that plaintiff's complaint was vulnerable to a demurrer if, on the facts pleaded, plaintiff was a guest within the meaning of ORS 30.115. ORS 30.115 provides as follows:

"No person *transported* by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for *such transportation,* shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. * * *" (Emphasis supplied.)

It is plaintiff's position that she was not a guest because she was not being *transported* at the time of the injury. In some states statutes similar to ORS 30.115 have received the construction urged by plain-

tiff.[1] On the other hand, some courts have interpreted their guest statutes as including in the category of "guests" persons entering or leaving a vehicle in which they have been invited to ride.[2]

Our choice between these two interpretations involves us again in the task of marking out on a continuum the point at which we think that a factual situation falls within or outside the policy of the statute. It is evident from the cases first mentioned that these courts, looking unfavorably upon the guest statutes, construe them to apply to the smallest possible number of persons. Plaintiff argues, in effect, that we should adopt this same approach. We think, however, that to make the coverage of the statute turn on whether the invitee was wholly within the vehicle and whether the vehicle had been set in motion to begin the journey, would be to give the statute an artificial interpretation without any inquiry as to the policy which the statute purports to serve. That policy is said to be the avoidance of collusive suits and the protection from liability of one who, in a spirit of hospitality, offers transportation to another.[3]

This being the policy which we shall assume prompted the legislature to limit actions against the host driver, the policy in our opinion would come into play at the point when the host begins performance of

[1] Smith v. Pope, 53 Cal App2d 43, 127 P2d 292 (1942); Chapman v. Parker, 203 Kan 440, 454 P2d 506 (1969); McCann v. Terhune, 12 Mich App 364, 162 NW2d 906 (1968); Economou v. Anderson, 4 Ohio App2d 1, 211 NE2d 82 (1965); Colin v. Rogers, 5 Wash App 113, 486 P2d 1101 (1971).

[2] Dunakin v. Thomas, 141 F Supp 377 (D.C. NM 1956); Kaplan v. Taub, 104 So2d 882 (Fla App 1958); Rainsbarger v. Shepherd, 254 Iowa 486, 118 NW2d 41, 1 ALR3d 1074 (1962); Head v. Morton, 302 Mass 273, 19 NE2d 22 (1939).

[3] See Spring v. Liles, 236 Or 140, 147-48, 387 P2d 578 (1963).

the gratuitous undertaking. In the present case the performance of the undertaking was in progress when plaintiff was injured. Therefore she was a guest and is precluded from recovery under the statute.

If this seems to be a harsh result, the remedy for perpetuating the hardship on other guests in the future is to modify or repeal ORS 30.115.

The judgment is affirmed.

TONGUE, J., dissenting.

As recognized by the majority, what appears to be the greater number of the courts, upon considering this same question, have held to the contrary. These courts, including the courts of California and Washington, instead of seeking the "policy" of the guest statute, have considered the terms of the statute. In doing so, these courts have, in effect, applied the recognized rule that the guest statute, as a statute in derogation of the common law, must be strictly construed against limiting common law remedies. Accordingly, these courts have held that the term "transported" has the common and accepted meaning of "carried" or "conveyed" and that when a plaintiff is not being "carried" or "conveyed" at the time of an accident he is not then being "transported" so as to come within the terms of the guest statute.[1] I agree with those decisions and with that approach to this issue.

The majority, however, would extend and expand application of the limitations imposed by the guest statute by seeking to find the "policy" of the guest statute as a whole, rather than by giving meaning to a

---

[1] See, for example, McCann v. Terhune, 12 Mich App 364, 162 NW2d 906 (1968).

term which the legislature has included in the statute. The majority says that if the result reached by this process is "harsh," the remedy is for the legislature to modify or repeal the statute.

When, upon giving the terms of a statute their common and accepted meaning a harsh result is required, it is not unusual for a court to make such a suggestion to the legislature. It seems incongruous, however, for the majority to offer such a suggestion when such a "harsh result" could be easily avoided by a simple application of the terms of this statute. For these reasons I respectfully dissent.