Argued September 7, 1973, affirmed June 7, 1974

GATTEN, *Respondent, v.* WIDMAN ET AL,
*Appellants.*

523 P2d 1007

*George M. Joseph,* Portland, argued the cause for appellants. With him on the brief were Bemis, Breathouwer & Joseph, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Garry L. Kahn, and Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

This is an action arising under the guest passenger statute, ORS 30.115,[1] in which plaintiff seeks to recover damages for injuries incurred while a passenger in a car driven by defendant Helen P. Widman. The jury returned a verdict for the plaintiff, and defendants appeal. We affirm.

Plaintiff alleged both intoxication and gross negligence in her complaint against the defendants. The allegation of intoxication was stricken, but the trial court instructed the jury that it may consider the defendant's drinking on the issue of gross negligence. Specifically, the jury was instructed that it should consider the defendant's drinking for whatever rela-

---

[1] ORS 30.115 provides:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication."

tionship it had to defendant's ability to control her vehicle or maintain a proper lookout. *Keefer v. Givens,* 191 Or 611, 232 P2d 808 (1951).

The defendants contend that the trial court erred in denying Mrs. Widman's motions for an involuntary nonsuit and directed verdict; that the trial court erred in instructing the jury that it could consider evidence of Mrs. Widman's drinking as bearing on the issue of gross negligence; and that the defendants, Mr. and Mrs. Widman, doing business as the Penguin Tavern, should have been granted an involuntary nonsuit and directed verdict.

In deciding defendants' assignments of error, we view the evidence in a light most favorable to plaintiff.

In late afternoon of January 18, 1970, four women met defendant Mrs. Widman at the Penguin Tavern[2] in Portland in anticipation of attending a shuffleboard tournament at the Bike Room, another tavern. The Penguin Tavern team was one of 12 involved in the tournament. An entry fee of $25 was paid by the Penguin and while each team member wore a shirt emblazoned with "Penguin" on the back, each purchased her own shirt. A total of 24 games was normally played in a season, with half of the games being played at the Penguin. Mrs. Widman testified that such games help business and that a business purpose was served by the tavern's participation. Plaintiff was not engaged in the tournament but was accompanying a friend.

While waiting for the group to arrive, Mrs. Widman had one beer. The group then rode to the Bike Room in Mrs. Widman's car, with her driving.

---

[2] The Widmans are co-owners of the Penguin Tavern and have been joined as parties defendant in that capacity.

At the Bike Room Mrs. Widman drank between six and eight beers in a span of about four hours. Plaintiff testified the group then walked to another tavern and had a drink, although no one else recalled this. The group then left the Bike Room in the Widman car to return to the Penguin. Mrs. Widman drove without incident until she mistakenly turned off Interstate 5 onto the Morrison Street Bridge. At this time someone in the car suggested that Mrs. Widman "flip a U" across the bridge in order to correct the error. Plaintiff testified that someone said "go ahead and turn left" and then the accident occurred.

After traveling about 90 feet from the ramp entrance, the Widman car struck a car driven by a Mr. Shaw. The cars impacted so that the left front of the Widman car was damaged as was the right fender and door of the Shaw car.

There was evidence that at the time of the accident the road was wet and the windows of the Widman car were fogged.

■ Under *Keefer v. Givens,* supra, we held that proof of drinking and erratic driving prior to an accident, plus ordinary negligence, can equal gross negligence. Thus, it is unnecessary for the plaintiff to show that the defendant, in a guest passenger case, was intoxicated[9] in order to obtain a jury instruction which informs the jury that it may consider the defendant's prior drinking for whatever effect it might have had on the issues of lookout and control. *Compare McIntosh v. Lawrance,* 255 Or 569, 469 P2d 628 (1970). Clearly, there was sufficient evidence in this case to allow the jury to infer that the defendant had

[9] *See* Willoughby v. Driscoll, 168 Or 187, 120 P2d 768, 121 P2d 917 (1942).

consumed a substantial amount of alcoholic beverage before the accident.

■ Also, the jury could have inferred that the defendant was attempting to execute a U-turn in the middle of the bridge which would certainly show erratic behavior, corroborating the effect the drinking had on the defendant's ability to drive. Thus, there was sufficient evidence to submit the case to the jury on the issue of gross negligence as that term was defined in *Keefer,* and the trial court did not err in denying the motions for involuntary nonsuit and a directed verdict.

■ Finally, as to defendant's contention that there was insufficient evidence to present a jury question on the issue of the Penguin Tavern's liability, we find that there was sufficient evidence that Mrs. Widman was, at the time of the accident, acting in the furtherance of the business enterprise, and therefore the jury could have found the tavern vicariously liable.

Affirmed.