Argued April 2, reversed and remanded August 8, 1974

JENSON, *Appellant, v.* SPENCER, *Respondent.*

525 P2d 153

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the briefs were Donald Atchison, and Pozzi, Wilson & Atchison, Portland.

*Duane Vergeer,* Portland, argued the cause for respondent. With him on the brief were Thomas Sauberli, and Vergeer, Samuels, Roehr & Sweek, Portland.

HOWELL, J.

Plaintiff brought this action under the guest passenger statute for injuries sustained while riding in an automobile driven by defendant. The trial court granted a judgment of involuntary nonsuit and plaintiff appeals. We reverse.

Plaintiff alleged that the defendant was grossly negligent and was operating his vehicle "under some influence of intoxicating liquor," and also alleged that the defendant was guilty of ordinary negligence. By the latter allegation the plaintiff attempted to raise the constitutionality of our guest statute, ORS 30.115.[1] We have held in *Duerst v. Limbocker,* 269 Or 252, 525 P2d 99 (1974), that the statute is constitutional and therefore that issue is not before us in this case.

As the appeal is from a judgment of involuntary nonsuit, we review the evidence in the light most favorable to plaintiff.

Plaintiff, who was 18 years old at the time of the accident, and the defendant were "double dating" with another young couple. The defendant was driving, and the boys purchased some malt liquor and placed it in the trunk of the car. The party drove out to the country, stopped, and all except plaintiff had a bottle of beer. The group drove on, parked again, and there was testimony that more beer was consumed, with the defendant drinking "about five beers." The group

---

[1] ORS 30.115 provides:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication."

started home about 12:30 a.m. and while still in the country the defendant stopped the auto and got out. There was also evidence that at this time the defendant's driving appeared to be normal and that he did not appear intoxicated. Mr. Hansen, a resident in the area, heard the auto with its radio playing and started to investigate. The defendant apparently heard Mr. Hansen approaching and ran back to the auto. The plaintiff testified:

"Then all of a sudden I remember Lane coming into the car saying 'There is a man with a gun and dog — they are going to shoot my head off — we have to get out of here.' And he took off."

Mr. Hansen and his wife both testified that Mr. Hansen was not armed and that the dog, which might have been barking, was locked up at the Hansen home. The defendant drove away very rapidly and continued to accelerate to 40 miles per hour. The road was a two-lane road with a curve to the right and then a curve to the left. As the defendant approached the curves, he continued to accelerate and missed the second curve. The car traveled 39 feet from the road to a fence, broke through the fence, and traveled 162 feet through a pasture before it came to rest against a tree. There was no gravel on the road and no skid marks were evident.

The defendant testified that he was driving 45 to 50 miles per hour at the time of the accident. He also admitted to some "slight" effects from the drinking.

Plaintiff asserts that the trial court erred in striking the allegation that defendant was operating his vehicle "under some influence of intoxicating liquor."[2]

---

[2] Plaintiff states in her brief: "In gross negligence cases involving intoxication, the pleadings often reach the trial in a

 Under the guest statute, the plaintiff is entitled to plead in the disjunctive, i.e., he may plead intoxication as the basis for his cause of action or he may rely on gross negligence.

In previous cases we have been confronted with various pleading forms of gross negligence and intoxication when addressing issues under the guest passenger statute. In some cases gross negligence has been pleaded in one count with intoxication as a basis for the gross negligence charge.[3] In others, gross negligence and intoxication were pleaded in separate counts or both specified in one count.[4] Finally, some cases contained only an allegation of gross negligence, but the plaintiff introduced evidence of intoxication.[5] None of these cases directly present the question of the proper pleading form, and we have not passed on that question. The plaintiff urges us to clarify what the proper pleading form should be in cases where there is evidence both of the defendant's intoxication and gross negligence. We do not attach any importance to whether the allegations are contained in one count or set forth separately.

 A plaintiff guest should be entitled to plead either or both intoxication or gross negligence and be allowed to have either or both theories submitted to the jury

garbled mess. This Court has never defined the proper technique for pleading a guest passenger case based in part on 'intoxication.' "

[3] Glascock v. Anderson, 198 Or 499, 257 P2d 617 (1953); Fossi v. George, 191 Or 113, 228 P2d 798 (1951); Willoughby v. Driscoll, 168 Or 187, 120 P2d 768, 121 P2d 917 (1942).

[4] McIntosh v. Lawrance, 255 Or 569, 469 P2d 628 (1970); Stites v. Morgan, 229 Or 116, 366 P2d 324 (1961); Petersen v. Abrams and Leatham, 188 Or 518, 216 P2d 664 (1950).

[5] Keefer v. Givens, 191 Or 611, 232 P2d 808 (1951).

if supported by the evidence. The statute provides that a guest, in order to have a cause of action against his host, must show that the accident was intentional *or* caused by gross negligence *or* intoxication. For years we have accepted the definition of intoxication as it appeared in *Willoughby v. Driscoll,* 168 Or 187, 120 P2d 768, 121 P2d 917 (1942):

> "A person is intoxicated within the meaning of the guest statute when he is under the influence of an intoxicating liquor to such an extent as to tend to prevent him from exercising the care and caution which a sober and prudent person would have exercised under the same circumstances." 168 Or at 198.

The definition has been repeated and followed. *Fossi v. George,* 191 Or 113, 228 P2d 798 (1951); *Glascock v. Anderson,* 198 Or 499, 257 P2d 617 (1953).

■ Thus, whenever one's ability to drive is impaired to such an extent as to tend to prevent him from exercising the care and caution which a sober and prudent person would have exercised under the same or similar circumstances, that effect may be pleaded and proven on the issue of intoxication. *Willoughby v. Driscoll,* supra at 198. If the plaintiff can show that such drinking had a perceptible effect on the defendant's ability to drive as a sober and prudent person would have driven, the issue of intoxication should be submitted to the jury. *Cf. State v. Robinson,* 235 Or 524, 385 P2d 754 (1963).

If the plaintiff also alleges gross negligence he may, without regard to any intoxication, allege and prove that the defendant engaged in reckless conduct under our decision in *Williamson v. McKenna,* 223 Or 366, 354 P2d 56 (1960).

■ Also, the plaintiff is entitled to prove under an allegation of gross negligence that the defendant was intoxicated to the extent defined in *Willoughby v. Driscoll*, supra, and that such intoxication was combined with acts of simple negligence, as the combination of the two will amount to gross negligence. *McIntosh v. Lawrance*, 255 Or 569, 469 P2d 628 (1970); *State v. Montieth*, 247 Or 43, 417 P2d 1012 (1966); *but see Stites v. Morgan*, 229 Or 116, 366 P2d 324 (1961).

The defendant states that *Keefer v. Givens*, 191 Or 611, 232 P2d 808 (1951), has been interpreted for the proposition that "the consumption of liquor to a degree less than intoxication can be shown as one element, among many, in making out a case of gross negligence." Apparently this contention refers to the following statement made in that case:

> "Although the record shows that the defendant drank beer in two taverns before he drove his car upon the trip which ended in disaster, the complaint does not allege intoxication and no witness described the defendant as intoxicated. However, even though evidence of intoxication is absent from the record, the testimony showing that the defendant spent the hours immediately preceding the accident in quaffing beer does not lose its import. A stomach copiously laden with the products of the brewmaster's art is ill adapted to the clear head which every driver should have." 191 Or at 619-20.

This statement should not be interpreted to hold that the use of some liquor absent intoxication is relevant on the issue of gross negligence. The facts of *Keefer v. Givens*, supra, show that the statement goes only to the lack of direct testimony that the defendant was intoxicated. After making that statement the court went on to discuss the evidence, other than direct testi-

mony that the defendant was intoxicated, which corroborated the inference that the defendant's ability to drive had been impaired by his consumption of intoxicating liquor. The court then summarized all of the evidence which had a bearing on the jury's ability to infer that the defendant was grossly negligent in the following manner:

> "The evidence shows that the defendant was operating his car, which was an old one, (1) at a high rate of speed; (2) with quick starts and stops, weaving in and out of traffic; (3) upon a wet pavement; (4) with steamed-up windows; (5) with a single windshield wiper; (6) under conditions that afforded poor visibility; (7) with his body in an off-balance position whereby he could not see ahead and could keep only his left hand upon the steering wheel; (8) with his attention diverted from driving to a search for a bottle opener; and (9) after several hours spent in taverns amid convivial and bibulous activities." 191 Or at 621.

After considering all of this evidence, the court concluded that there was sufficient evidence from which the jury could conclude that the defendant was grossly negligent.

■ Thus the court did not hold that evidence of drinking less than intoxication is relevant to the issue of gross negligence. Such a distinction is unworkable because, under the test in *Willoughby*, if defendant's ability to drive is impaired, then he is intoxicated within the meaning of the statute. If a defendant is not so intoxicated, then proof of his prior consumption of alcohol is simply not relevant to his gross negligence, as the drinking could not have caused or contributed to the accident.

Plaintiff also contends that there was sufficient evidence that the defendant's consumption of alcohol

affected his ability to drive and therefore the trial court erred in granting the motion for a judgment of involuntary nonsuit.

In prior cases we have held that various fact situations allow the jury to infer that the defendant's ability to drive was impaired by his prior consumption of alcohol. Such sufficient evidence has taken the form of:

(1) Consumption by the defendant of a substantial quantity of alcohol shortly before an accident,[6]

(2) A showing of a lesser amount of alcohol consumed plus evidence of:

(a) prior erratic driving,[7] or

(b) slurring of speech, staggering, bloodshot eyes, or difficulty controlling movement,[8] or

(c) the occurrence of an accident, the facts of which suggest that defendant's driving was impaired.[9]

(3) Testimony from witnesses that the defendant was intoxicated and smelled of alcohol.[10]

■ Moreover, such consumption of alcohol must be at a time not too remote from the happening of the accident to support an inference that the drinking had an effect on the defendant's driving. *Harder v. Gray,* 264 Or 284, 505 P2d 347 (1973); *Fain v. Hughes,* 262 Or 137, 497 P2d 198 (1972).

■ In all of these fact situations we have been con-

[6] Bailey v. Rhodes, Adm., 202 Or 511, 276 P2d 713 (1954); Petersen v. Abrams and Leatham, supra n. 4.

[7] Fossi v. George, supra n. 3; Glascock v. Anderson, supra n. 3.

[8] Cowgill, Adm'r. v. Boock, Adm'r., 189 Or 282, 218 P2d 445 (1950).

[9] Gatten v. Widman, 269 Or 112, 523 P2d 1007 (1974); *but see* Stites v. Morgan, supra n. 4.

[10] McIntosh v. Lawrance, supra n. 4.

cerned with the validity and strength of an inference that the defendant's lack of due care was in some way connected to his prior consumption of alcohol. If there is evidence of a substantial consumption of alcohol or evidence of consumption of a smaller amount but corroboration by external manifestations of such influence, then an inference that the defendant's conduct was affected by his consumption is allowed.

In the instant case the defendant admitted that he was under the influence of liquor, although he described it as "slight." There was evidence that defendant consumed five beers shortly before the accident and there was evidence of conduct which the jury could have considered was irrational when the defendant believed that Hansen had a gun and was going to "shoot his head off." There was also evidence from which the jury could have concluded that the defendant was driving erratically before the accident.

■ The evidence related above was sufficient to warrant the submission of intoxication to the jury. It was also sufficient to warrant the submission of gross negligence, i.e., evidence of intoxication plus acts of simple negligence, to the jury.

Reversed and remanded.