Argued February 5, affirmed April 17, 1975

HANKINS, *Appellant, v.* BATES ET AL,
*Respondents.*
534 P2d 170

*Gary L. Hill,* Roseburg, argued the cause for appellant. On the brief was Randolph Slocum of Slocum and Poole, Roseburg.

*Paul E. Geddes,* of Geddes, Walton & Richmond, Roseburg, argued the cause and filed a brief for respondents. Also on the brief were Long, Neuner, Dole & Caley and Eldon F. Caley, Roseburg.

O'CONNELL, C. J.

This is an action to recover damages for personal injuries alleged to have been caused by defendants' negligent conduct. The jury found for plaintiff but the trial court entered a judgment notwithstanding the verdict from which plaintiff appeals. The sole question raised by this appeal is whether plaintiff was a guest passenger of defendants as a matter of law.

On July 29, 1973, plaintiff accompanied her family on an outing at Cooper Creek Reservoir in southern Oregon for a picnic and with the prospect of water skiing behind a boat they had recently sold to a Ben Whitaker, who was to meet them there. At the reservoir they had lunch with friends, including defendant Messer, a business partner of plaintiff's father. After lunch defendant Bates and his family arrived at the

---

Holman, J., did not participate in this decision.

reservoir for the purpose of picnicking and boating with the family boat. In the course of riding on the lake Bates went to the end of the lake where plaintiff's family picnic was in progress in order that the Bates children could play in the shallow water there. Plaintiff's father[1] and Messer greeted Bates, and after a short conversation Messer asked Bates to pull him on water skis with Bates' boat. Bates responded that he had never pulled a skier and had no skiing equipment.[2] Defendant Messer ultimately persuaded defendant Bates to pull him using equipment brought to the reservoir by Hankins. Plaintiff and three other members of the picnicking group requested and were allowed by Bates to accompany him in the boat while Messer skied.

After defendant Messer had finished his ski run and returned to the boat, plaintiff asked defendant Bates' permission to ski also. Being aware of Bates' unfamiliarity with towing skiers, she also requested that defendant Messer be allowed to operate the boat. Defendant Bates agreed. Plaintiff threw her ski into the water and then jumped in after it. While plaintiff was swimming away from the boat to retrieve her ski, Messer inadvertently placed the boat in reverse. Plaintiff was sucked beneath the back of the boat and suffered lacerations of the abdomen and thigh.

Plaintiff's complaint alleges that Bates, as owner and Messer as his agent, had been negligent in backing the boat over her.[3] There are no allegations of

[1] Hankins and Bates were casual acquaintances. Bates and Messer had not met prior to the incident.

[2] Defendant Bates had recently purchased the boat for fishing and pleasure boating and was uninterested in and unfamiliar with water skiing.

[3] The complaint contained the following specifications:

"That defendants were then and there negligent in the following particulars:

"1. In inadvertently putting said motor boat in reverse gear

gross negligence or that plaintiff was a paying passenger. Both defendants entered general denials.

The cause was tried before a jury. The defendants moved for a directed verdict at the close of evidence. The motion was denied. The jury entered a special verdict finding that defendant Messer was the agent of defendant Bates and that plaintiff had proved negligence in one or more of the particulars alleged and damages in the amount of $9,000. Thereafter the trial court entered a judgment n.o.v. on the theory that plaintiff had been a guest passenger of defendant Bates and thus was not entitled to recover losses due to ordinary negligence.

Oregon's guest passenger statute denies recovery against the host to non-paying guest passengers:

> "No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section;

> "(1) 'Payment' means substantial benefit in a material or business sense conferred upon the

when a person, particularly plaintiff, was in the water behind said boat;

"2. In operating said motor boat in reverse gear when the rear transom of said boat was too high to afford the operator of said boat a view of the water behind the boat and of persons in the water;

"3. In failing to maintain a proper lookout for persons in the water behind said boat or to post another person in said boat in a position where a proper lookout might be kept;

"4. In backing said motor boat in said reservoir without first determining that such movement could be made in safety."

owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity. \* \* \* \* \*" ORS 30.115.

Since there is no contention that plaintiff's injuries were the result of gross negligence, the sole question on appeal is whether the statute applies. Plaintiff argues that the statute does not apply because she was not being transported at the time of her injury, and if she was a passenger, she had furnished a material benefit to the owner or operator. We find these arguments to be unpersuasive.

■ The essence of plaintiff's first argument is that at the time of the accident she was not being transported at all but was in the water swimming toward her ski. In *Jewett v. Kosydar,* 266 Or 258, 512 P2d 995 (1973), we rejected the idea that the coverage of the guest statute should turn on whether the invitee was wholly within the vehicle and the vehicle had begun the journey.[4] Instead, we determined that the statute should be interpreted so as to serve the policies underlying its enactment: the avoidance of collusive suits and the protection against liability of one who, in a spirit of hospitality, offers transportation to another. Thus, we held that the statute comes into play "at that point where the host begins performance of the gratuitous undertaking."[5]

In the present case, plaintiff was in the process of positioning herself for transportation behind the boat. In light of the policy of the statute there is no significant distinction between plaintiff's position and that of the plaintiff in *Jewett.* We hold that plaintiff was a guest.

---

[4] In *Jewett,* the plaintiff had put one foot into defendant's car when it was moved abruptly pulling plaintiff beneath it. 266 Or at 259.

[5] 266 Or at 260-61.

■■ Plaintiff's alternate contention that she conferred a material benefit upon her host is premised upon the argument that she and the other passengers were originally in the boat to serve as lookouts for Bates while Messer skied. This contention, whatever its theoretical validity, is without evidentiary support. Plaintiff asked to ride for her own pleasure. Moreover, it is difficult to see how the benefit bestowed as an unrequested lookout can be said to have been a "substantial benefit in a material or business sense" or to have been "a substantial motivating factor for the transportation" as required by ORS 30.115(1).[6]

As there was no evidence from which a reasonable jury could have concluded that plaintiff was a paying passenger had the question been submitted to it, we hold that the verdict should have been directed for defendants and therefore the judgment n.o.v. was proper.[7]

Affirmed.

TONGUE, J., specially concurring.

I concur in the result of this case, but only because the result is controlled by the decision of the majority of this court in *Jewett v. Kosydar*, 266 Or 258, 512 P2d 995 (1973), in which I dissented.

---

[6] *See* Ashland v. Pacific Power & Light Co., 239 Or 241, 248-49, 395 P2d 420 (1964).

[7] ORS 18.140.