KRUSE, *Appellant,*
*v.*
FITZPATRICK, *Respondent.*
(No. 35692, SC 24601)

563 P2d 680

Roger B. Todd, North Bend, argued the cause for appellant. With him on the briefs was Flaxel & Todd, North Bend.

Edward H. Warren, Portland, argued the cause for respondent. With him on the brief was Hershiser, Mitchell & Warren, Portland.

BRYSON, J.

Denecke, C. J., dissenting.

## BRYSON, J.

Plaintiff brings this action to recover damages for personal injuries suffered when she was struck by an automobile operated by defendant. Plaintiff's complaint alleged that defendant was negligent. Defendant's answer alleged that plaintiff "was a guest in defendant's vehicle within the meaning of ORS 30.115." The trial court granted summary judgment for defendant, finding as a matter of law that plaintiff was a guest within the meaning of ORS 30.115. Plaintiff appeals.

The facts are uncontested and reveal that plaintiff was struck while crossing her driveway in front of defendant's stopped vehicle and while on her way from her front door to the passenger side of defendant's automobile. Defendant, while waiting for plaintiff, had left her vehicle running and in gear, relying solely upon the foot brake to keep the vehicle from moving forward. As plaintiff left her home, defendant observed that her passenger door was locked and leaned across to release the lock. In so doing, defendant's foot slipped off the brake and onto the accelerator, causing her automobile to surge forward, striking plaintiff and then plaintiff's garage. As a result of the accident, plaintiff suffered serious personal injury.

ORS 30.115 provides that:

"No person transported by the owner or operator of a motor vehicle, * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. * * *

"* * * * *."

The only issue in this case is whether "[t]he trial court erred in granting defendant's motion for summary judgment and finding, as a matter of law, that

plaintiff was a guest passenger" and being "transported" within the meaning of ORS 30.115.[1]

In *Jewett v. Kosydar,* 266 Or 258, 260-61, 512 P2d 995 (1973), this court rejected the proposition that the coverage of the guest statute should turn on whether the invitee was wholly within the vehicle and the vehicle had begun the journey. Instead, we held that the statute comes into play "at the point when the host begins performance of the gratuitous undertaking."

Recently, in *Fullerton v. White,* 273 Or 649, 542 P2d 1017 (1975), we held:

"* * * [T]he Oregon guest statute, being in derogation of the common law, is to be strictly construed and that the construction of the statute 'should not be extended beyond the correction of evils in the attainment of the permissible social objects which, it may be assumed, were the inducing reasons for its enactment' and that its application should be 'carefully confined to those who clearly come within the first purpose of the rule.' This court has stated that purpose as follows:

" '* * * It was not considered just that one who accepts the kindness or hospitality of an automobile owner or operator, in extending an invitation to ride, should recover damages for personal injuries unless the same resulted from gross negligence, intoxication, or an intentional wrong.' " (Footnotes omitted.) 273 Or at 658, citing *Albrecht v. Safeway Stores, Inc.,* 159 Or 331, 336, 80 P2d 62 (1938).

In *Duerst v. Limbocker,* 269 Or 252, 256, 525 P2d 99 (1974), we stated:

"Two state policies have been identified as underlying ORS 30.115. First, the statute has been seen as an attempt to prevent collusive lawsuits by barring from

---

[1]Plaintiff also attacks the constitutionality of the Oregon guest passenger statute, ORS 30.115. This court has recently held the statute constitutional. *Duerst v. Limbocker,* 269 Or 252, 525 P2d 99 (1974); *Salmon v. Miller,* 269 Or 267, 525 P2d 104 (1974); and *Jenson v. Spencer,* 269 Or 411, 525 P2d 153 (1974). Therefore, we do not now consider plaintiff's assertions of unconstitutionality. *See Hill v. Garner,* 277 Or 641, 561 P2d 1016 (1977).

the courts those parties who, because of their close personal relationship (which may be inferred from the absence of payment), might arrange for the host driver to falsely confess negligence in order to secure recovery for his guest. Secondly, the statute has been seen as an attempt to protect the generous and hospitable host from being held liable for injuries at the instance of an ungrateful guest. * * *"

Also, in *Naber v. Thompson,* 274 Or 309, 312, 546 P2d 467 (1976), holding that the guest statute was not a defense in the husband's action for loss of consortium, we pointed out that "[p]laintiff was not an occupant of the vehicle operated by the defendant nor does plaintiff seek damages for injury to an occupant."

This court has not previously considered a case where the plaintiff had no actual contact with the vehicle before the accident. In *Hankins v. Bates,* 271 Or 676, 680, 534 P2d 170 (1975), the plaintiff water skier was injured while she "was in the process of positioning herself for transportation behind the boat." However, in that case plaintiff had been a passenger in the motor boat immediately before the accident while another water skier was being pulled. After requesting that she too be permitted to water-ski, plaintiff had jumped out of the boat for a deep water start and was preparing for her turn to be pulled when she was struck by the boat. Under these circumstances, the picking up and dropping off of water skiers is best regarded as one ongoing "transportation."[2] We do not read *Hankins v. Bates, supra,* as being dispositive of the issue presented here.

Other courts faced with guest statutes and fact situations similar to those present in the instant case have held their guest statutes not to apply to situations where the plaintiff has made no intentional

---

[2] It has generally been held by courts confronted with this type of issue that a brief hiatus in a trip does not mark the termination of a "transportation" for purposes of a guest passenger status. See Annot. 1 ALR3d 1083.

contact with the automobile.[3] Defendant cites no applicable authority holding to the contrary.[4]

We do not believe the purpose of the statute is enhanced by extending its protection to injuries inflicted by defendants upon their anticipated guests before those guests have made any voluntary contact with the vehicle. As noted above, the policy supporting the guest statute is based upon the relationship between the guest and her host. Consequently, as we held in *Jewett,* it makes sense to include within the statute those cases where the plaintiff is injured in the process of entering or leaving defendant's vehicle. In such cases the risk of injury is one growing out of the guest passenger-driver relationship.

It is difficult to rationalize when the application of the statute begins or ends. Defendant concedes that a plaintiff ceases to be a guest passenger when the "transportation" is terminated and the guest leaves the host's car. It seems reasonable to conclude that "transportation" begins when the plaintiff contacts the car and starts to enter for the purpose of being transported and thereby establishes the guest-host relationship. Until such contact is made and entry of the car begins, a plaintiff might well have a change of mind and accept transportation from some other host. In this case, the plaintiff might well have, for several reasons, decided to stay home. In fact, plaintiff did stay at home and thereafter went to the hospital.

It is doubtful if the defendant, host-to-be, could feel offended or consider plaintiff "ungrateful" because the plaintiff brings this action. Certainly the defendant could not feel that plaintiff was ungrateful if she brought an action against the defendant to recover for damages to her garage.

---

[3] *Hickman v. Finlay,* 392 SW2d 147 (Tex Civ App 1965), *error ref.; Colin v. Rogers,* 5 Wash App 113, 486 P2d 1101 (1971), *rev denied;* Annot. 1 ALR3d 1083 (Supplement § 3(b)).

[4] *Head v. Morton,* 302 Mass 273, 19 NE2d 22 (1939) is of no help as Massachusetts has no guest statute, and the case is based upon common law principles.

This was not the type of accident associated with a person being "transported" in a motor vehicle. We hold that a plaintiff is not being "transported" within the meaning of ORS 30.115 where that person has made no voluntary contact with the vehicle. Defendant's motion for summary judgment should not have been granted.

Reversed.

**DENECKE, C. J.,** dissenting.

I dissent for the reason that I consider the majority opinion to be contrary to the reasoning of the majority of this court in *Jewett v. Kosydar,* 266 Or 258, 260-261, 512 P2d 995 (1973), which reasoning was reaffirmed in *Hankins v. Bates,* 271 Or 676, 680, 534 P2d 170 (1975).

The majority makes the plaintiff's status as a guest or nonguest completely dependent upon whether plaintiff had intentional contact with defendant's vehicle. Such a choice is purely arbitrary and artificial, a method of determination we expressly rejected in *Jewett v. Kosydar, supra* (266 Or 258).

We reasoned in *Jewett:*

"* * * We think, however, that to make the coverage of the statute turn on whether the invitee was wholly within the vehicle and whether the vehicle had been set in motion to begin the journey, would be to give the statute an artificial interpretation without any inquiry as to the policy which the statute purports to serve. That policy is said to be the avoidance of collusive suits and the protection from liability of one who, in a spirit of hospitality, offers transportation to another.

"This being the policy which we shall assume prompted the legislature to limit its actions against the host driver, the policy in our opinion would come into play at the point when the host begins performance of the gratuitous undertaking. * * *." (Footnote omitted.) 266 Or at 260-261.

Defendant had commenced her gratuitous under-

taking when she attempted to open the door of the vehicle so plaintiff could enter and when her foot slipped off the brake and came in contact with the accelerator.

Holman, J., joins in this dissent.