HAMPTON, *Appellant,*
*v.*
PAGE, *Respondent..*
(No. 102294, CA 10524)

587 P2d 113

Jerome F. Bischoff, Eugene, argued the cause for appellant. With him on the brief was Doblie, Bischoff and Murray, Eugene.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Plaintiff appeals the trial court's decision granting a directed verdict for defendant on the grounds that plaintiff was a guest passenger under ORS 30.115 and had failed to prove that defendant had acted intentionally, or with gross negligence, or was intoxicated as required by that statute. ORS 30.115 in pertinent part provides:

"No person transported by the owner or operator of a motor vehicle, * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. * * *"

The issue is whether plaintiff was a "guest" for such transportation.

At defendant's invitation, plaintiff accompanied defendant on a shopping trip in defendant's pickup from Jefferson to Salem. On their return they observed a vehicle in a ditch and, after examining the situation, determined to extricate the car from the ditch. Defendant hooked a cable to the front of the disabled car, reentered his pickup, and backed it onto the highway, facing oncoming traffic, with the rear facing the disabled car. Plaintiff was to attach the cable to the rear of defendant's pickup after defendant had backed the pickup close enough to the car. As plaintiff was preparing to attach the cable, he observed an approaching car traveling at a high rate of speed. He shouted, "We had better get out of here," and fled on foot along the shoulder of the road, away from the approaching car. When defendant observed the approaching car and realized the danger, he put his pickup in reverse and backed up away from the oncoming car, but in its same lane of traffic. Defendant's vehicle struck plaintiff, injuring his shoulder, after plaintiff had run 75 to 80 feet. Ten to fifteen minutes passed between the time the parties first

[ 349 ]

observed the car in the ditch and the time defendant's pickup struck plaintiff.

There may be situations, such as a stop to replace a flat tire, or even possibly to aid another motorist involved in an accident, where a brief interruption of the transportation would not remove a passenger from the ambit of the guest statute. *Cf.* Annotations at 1 ALR3d 1083 (1965) and 50 ALR2d 974 (1956). Here, however, the parties discontinued the transportation and embarked on an unrelated venture to extricate a car from a ditch. "This was not the type of accident associated with a person being 'transported' in a motor vehicle." *Kruse v. Fitzpatrick,* 278 Or 185, 191, 563 P2d 680 (1977).

Reversed and remanded for new trial.