Argued and submitted November 20, 1989, affirmed January 31, 1990

STATE OF OREGON,
*Respondent,*

*v.*

GERALD ARTHUR VORSETH,
*Appellant.*

(52333; CA A60378)

786 P2d 217

Mark A. Sherman, McMinnville, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for reckless driving. ORS 811.140. He argues that the trial court erred in admitting evidence that he was intoxicated approximately two hours after the complaining witness observed him driving.[1] We affirm.

The complaining witness testified that, at approximately 4:40 p.m., defendant passed her in his tow truck in a no passing zone. After completing the pass, defendant's vehicle went into the gravel shoulder and threw gravel on her car. Defendant then passed a second car in a no passing zone, again weaving into the gravel. Thereafter, defendant continued to weave within his lane and, while negotiating one curve, appeared to lose control of his vehicle with both back tires going into the gravel and then crossed into the left lane before straightening out. After several other incidents of tailgating and unsafe passing, the witness saw defendant finish off the contents of a silver can and throw it to the right side of his truck. She reported defendant's actions to the police.

At approximately 7:00 p.m., Deputy Conley spoke to defendant at his wrecking yard and observed a strong odor of alcohol on his breath, bloodshot and watery eyes and difficulty in answering questions. He swayed as he stood. Conley arrested defendant, and a blood-alcohol test was administered at 7:52 p.m. The test indicated a blood alcohol level of .12 percent. Defendant argues that evidence of Conley's observations and the result of the blood-alcohol test should have been excluded, because the evidence was not relevant and its prejudicial effect outweighed any probative value. OEC 401, 403. He relies on *Jenson v. Spencer,* 269 Or 411, 418, 525 P2d 153 (1974), for the proposition that evidence of consumption of alcohol is not admissible to prove recklessness unless it is close in time to the driving and is sufficient to support an inference that the drinking impaired the driver's ability to drive.

A person who recklessly drives a vehicle in a manner that endangers the safety of persons or property commits the crime of reckless driving. ORS 811.140. A person who drives

---

[1] Defendant's other assignments of error do not merit discussion.

negligently while intoxicated may be guilty of reckless driving. *State v. Boone,* 294 Or 630, 661 P2d 917 (1983). A trial court has discretion in analyzing and balancing the various considerations necessary to an evidentiary ruling and we will reverse only if an abuse of discretion has occurred. Our task, then, is to determine whether, on the facts of this case, the trial court's ruling was within the range of reasonable discretion. *Carter v. Moberly,* 263 Or 193, 200-01, 501 P2d 1276 (1972).

In *Jenson v. Spencer, supra,* the court held that an inference that the ability of a motorist to drive was impaired can be drawn when there is a showing of alcohol consumption plus evidence of erratic driving. That inference can be made in defendant's case when one considers the numerous incidents of illegal and unsafe passes, tailgating, weaving within his traffic lane, drinking from a silver can during this conduct and obvious intoxication and blood-alcohol level two hours later. The trial court did not abuse its discretion by admitting the evidence pursuant to OEC 401 or in ruling that its probative value outweighed any prejudicial effect under OEC 403.

Affirmed.