Submitted on briefs March 15, affirmed August 1, 1974

# DUERST, *Appellant, v.* LIMBOCKER, *Respondent.*

525 P2d 99

Leo Levenson, Marvin S. Nepom and Roscoe C. Nelson, Jr., Portland, filed a brief for appellant.

O'CONNELL, C. J.

Plaintiff was injured while riding in defendant's automobile. She alleged in her complaint that she was "riding as a guest passenger without payment to defendant" and that defendant "was negligent" in various respects. Defendant demurred to the complaint on the ground that under ORS 30.115,[1] Oregon's Guest Passenger Statute, "no person transported as a guest passenger without payment shall have a cause of action for damages for personal injury upon ordinary negligence." The trial court sustained the demurrer and plaintiff refused to plead over. The trial court then entered a judgment for defendant from which plaintiff now appeals.

Plaintiff's sole contention on appeal is that her complaint should be declared sufficient because ORS 30.115 is unconstitutional. She argues that the classifi-

---

[1] ORS 30.115 provides as follows: "No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity.

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others.

cations created by this statute deny her the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 20 of the Oregon Constitution.

This challenge follows in the wake of the California Supreme Court's decision declaring unconstitutional a California statute similar to ORS 30.115.[2] Like challenges have recently been adjudicated in several other states. To date, in addition to California, guest passenger statutes have been invalidated in Kansas, North Dakota and Idaho.[3] The Supreme Courts of Texas, Utah and Iowa have sustained comparable statutes of their respective states.[4]

In determining the constitutionality of ORS 30.-115 under the Equal Protection Clause, we apply the test recently reiterated by the U. S. Supreme Court in *Reed v. Reed*, 404 US 71, 92 S Ct 251, 30 L Ed2d 225 (1971):

> "In applying that clause, this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. [Citations omitted.] The Equal Protection Clause of that

[2] California's guest passenger statute, Cal Veh Code § 17158, was declared unconstitutional in Brown v. Merlo, 106 Cal Rptr 388, 8 Cal3d 855, 506 P2d 212 (1973).

[3] Henry v. Bauder, 213 Kan 751, 518 P2d 362 (Kan Sup Ct 1974); Johnson v. Hassett, 217 NW2d 771 (N.D. Sup Ct 1974); Thompson v. Hagan, 525 P2d 104 (Idaho 1974). The Washington legislature repealed a comparable Washington statute, after several trial courts had held it unconstitutional but before the matter was resolved by the state Supreme Court. Guest statutes have been repealed by the legislatures in Florida (Ch 72-1 [1972] Fla Laws 113) and Vermont (No. 194 § 1 [1969] Vt Laws Adj Sess 70).

[4] Tisko v. Harrison, 500 SW2d 565 (Tex Civ App 1973); Cannon v. Oviatt, 520 P2d 883 (Utah 1974); Keasling v. Thompson, 217 NW2d 687 (Iowa 1974). *See also* Delaney v. Badame, 49 Ill2d 168, 274 NE2d 353 (1971).

amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 243 US 412, 415, 64 L Ed 989, 990, 40 S Ct 560 (1920)." 404 US at 75, 76, 30 L Ed2d at 229.

Two state policies have been identified as underlying ORS 30.115. First, the statute has been seen as an attempt to prevent collusive lawsuits by barring from the courts those parties who, because of their close personal relationship (which may be inferred from the absence of payment), might arrange for the host driver to falsely confess negligence in order to secure recovery for his guest. Secondly, the statute has been seen as an attempt to protect the generous and hospitable host from being held liable for injuries at the instance of an ungrateful guest. The question is whether the denial of recovery to guest passengers has a fair and substantial relation to either of the foregoing policies.

ORS 30.115 distinguishes between injured persons in two ways relevant to plaintiff's case. First, the statute distinguishes between automobile passengers who pay for their ride and those who ride gratuitously. Second, the statute distinguishes between motor vehicle guests and guests in other contexts.[9] It is plaintiff's contention that neither dis-

---

[9] In Brown v. Merlo, *supra,* the court also noted a distinction created by judicial interpretation between guests "in a vehicle"

tinction can be justified by the recognized state policies underlying ORS 30.115. Plaintiff argues that the protection of hospitality cannot support these distinctions because non-vehicular guests are not barred by statute from recovery for injuries caused by the host's negligence and because the prevalence of liability insurance renders such considerations irrelevant. It is further argued that the prevention of collusive lawsuits cannot support these distinctions either, because the statute's blanket prohibition bars many valid suits along with fraudulent claims.

■■ Although it may be difficult, if not impossible, to establish that the statute effectively works to prevent collusive lawsuits,[9] we are of the opinion that the hospitality rationale supports both distinctions drawn by ORS 30.115. The distinction between a paying and non-paying passenger is a reasonable test for determining whether hospitality has been extended by the host to his guest. Starting from that proposition, we noted as early as 1935, in *Perozzi v. Ganiere,* 149 Or 330, 351, 40 P2d 1009, 1017, that the protection of such hospitality was the underlying motivation of the legislature in adopting the guest passenger statute. Quoting *Chaplowe v. Powsner,* 119 Conn 188, 175 A 470 (1934), we said:

> "* * * 'As the use of automobiles became almost universal, the proverbial ingratitude of the dog that bites the hand that feeds him, found a

"during a ride" "upon a public highway" and automobile guests in other circumstances. ORS 30.115 is not limited by its language to injuries suffered "during a ride" or "upon a public highway." This court, in addition, has avoided creating such distinctions. See Jewett v. Kosydar, 266 Or 258, 512 P2d 995 (1973).

[9] A guest and host willing to collude as to the host's negligence would surely be equally willing to collude as to the payment of a fee.

counterpart in the many cases that arose, where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly, the legislature, in adopting this act, reflected a certain natural feeling as to the injustice of such a situation. * * *' "

■■ We have no basis for concluding that the moral precept or principle of etiquette relied upon by the legislature did not exist when ORS 30.115 was enacted, nor that it does not exist today. It is the prerogative of the legislature to use proscriptive legislation to foster or perpetuate standards of moral or ethical conduct generally accepted as a part of the mores of the community so long as they do not involve invidious categories or fundamental interests. We are not prepared to say that a host would not feel offended by the ingratitude demonstrated by the guest's institution of a lawsuit for the host's failure to exercise care in the course of extending hospitality to the guest by providing him with transportation. We must conclude, therefore, that the rule adopted in ORS 30.115 cannot be said to be "wholly unrelated to the objective of that statute."⑦

In *Brown v. Merlo*, 106 Cal Rptr 388, 8 Cal 3d 855, 506 P2d 212 (1973), the California Supreme Court took the position that "the development of almost universal automobile liability insurance coverage" (506 P2d at 221) makes the protection of hospitality rationale no longer a relevant consideration. This does not account for those instances where the host is uninsured against such claims or where his insurance is not sufficient to cover the amount of the judgment entered against him. More important, it assumes that the in-

⑦ Reed v. Reed, 404 US at 75-76, 30 L Ed 2d at 229.

dignation normally felt by a host whose "hand has been bitten" does not arise where the host suffers no monetary loss. Again, we are not prepared to say whether this is or is not true.

■ It is argued that the statute is violative of the Equal Protection Clause because it singles out vehicular guests for separate treatment. The answer is that the legislature

"* * * may direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses, and it may do so none the less that the forbidden act does not differ in kind from those that are allowed." Central Lumber Co. v. South Dakota, 226 US 157, 160, 33 S Ct 66, 67, 57 L Ed 164, 169 (1912).

■■ This brings us to the underlying consideration which is controlling in the disposition of the present case. It is fundamental that the court is not permitted to substitute its ideas of the reasonableness of legislation short of a finding that the legislation is irrational in that it does not implement the policy purported to be advanced. Before we can properly pronounce legislation as irrational, we must be prepared to point to factual data which disproves, or experience which belies, the legislative assumptions upon which the legislation is based. The California Supreme Court, in *Brown v. Merlo, supra,* purported to find such bases in the change in circumstances occurring between the time the guest statutes were first enacted and today. Much of the change relied upon by the California Supreme Court was wrought by the court itself by discarding common law doctrine previously recognized. Even assuming that the court can render a statute irrational by force of its own remolding of court-made law, *Brown v. Merlo* does not convince us that the

changes relied upon by the court in that case had the effect of making obsolete the legislatively felt need to penalize ingratitude and protect hospitality in the use of automobiles. Rather, we share the view expressed in *Tisko v. Harrison*, 500 SW2d 565 at 572, that "we have no reliable information concerning the extent of the evil which prompted enactment of the statute," nor do we have reliable information as to whether the evil originally seen by the legislature no longer exists.

The guest passenger statute reflects the legislature's interpretation of the moral sense of the community. For us to strike down the statute would require us to say that we, rather than the legislature, can better discern the community standard of morality. This is plainly presumptuous and contrary to our often pronounced pledge of judicial self-restraint.

■ We hold that ORS 30.115 does not operate to deny plaintiff the equal protection of the laws.

Judgment affirmed.

TONGUE, J., concurs in the result.