Submitted on briefs March 15, affirmed August 1, 1974

REINHOLTZ, *Appellant, v.* RESSLER,
*Respondent.*

525 P2d 55

E. B. Sahlstrom and David A. Vinson of Sahlstrom,
Lombard, Starr & Vinson, Eugene, filed briefs for ap-
pellant.

James C. Goode of Goode, Goode, Decker & Hinson,
P.C., Albany, filed a brief for respondent.

O'CONNELL, C. J.

Plaintiff instituted this action as personal representative on behalf of the estate of her husband, who was killed in an accident while riding as a guest in defendant's automobile. Plaintiff's first amended complaint alleged gross negligence. She subsequently filed a second amended complaint alleging ordinary negligence. The trial court sustained defendant's motion to strike the second amended complaint and reinstated the first amended complaint. The case was then tried to a jury, which found for defendant. Plaintiff appeals.

■ Plaintiff's principal contention is that the trial court erred in granting defendant's motion to strike the second amended complaint because ORS 30.115, Oregon's Guest Passenger Statute, is unconstitutional. We have this day held contrary to plaintiff's contention in *Duerst v. Limbocker*, 269 Or 252, 525 P2d 99 (1974).

■ Plaintiff's second contention is that the trial judge prejudicially restricted the scope of argument to the jury at the close of the evidence. The restriction complained of was made prior to closing argument when the trial court stated, in a colloquy with defendant's attorney that:

> "Counsel are not going to instruct the jury as to what the definitions of negligence are. The court is going to instruct them as to what the definition of negligence, what the definition of gross negligence, and what the question of damages are."

Plaintiff's counsel did not take exception to this statement and explain in what respect it was erroneous. Nor does plaintiff explain in his brief or argument the specific respect in which the court's admonition curtailed plaintiff's argument. Assuming that the court

was too broad in its restriction on the method of argument, there is nothing to show that plaintiff's counsel did not present everything he felt necessary to adequately inform the jury of plaintiff's case. We find no merit in this assignment of error.

Judgment affirmed.