No. 75–999.   Colorado Springs Amusements, Ltd., t/a Velvet Touch, et al. *v.* Rizzo, Mayor of Philadelphia, et al.   C. A. 3d Cir.   Certiorari denied.

Mr. Justice Brennan, dissenting.

We depreciate the precedential weight of summary dispositions in our decisional process, expressly holding in *Edelman* v. *Jordan,* 415 U. S. 651, 671 (1974), that such dispositions "are not of the same precedential value as would be an opinion of this Court treating the question on the merits."   I would not require district courts, courts of appeals, and state courts to ascribe any greater precedential weight to summary dispositions than this Court does.   Accordingly, I did not join the holding in *Hicks* v. *Miranda,* 422 U. S. 332, 344–345 (1975), that "the lower courts are bound by summary decisions by this Court," which requires state and lower federal courts to treat our summary dispositions of appeals as conclusive precedents regarding constitutional challenges to like state statutes or ordinances.

The Court of Appeals in this case conscientiously followed the procedure mandated by *Hicks.*   Faced with a claim that three appeals from state courts that had been dismissed by this Court "for want of a substantial federal question" compelled rejection of petitioners' contentions that the Philadelphia ordinance in question violated the

Federal Constitution,[1] the Court of Appeals compared in detail the constitutional issues presented here and those presented in the jurisdictional statements filed in this Court in the three earlier cases. 524 F. 2d 571, 576. *Hicks, supra,* at 345 n. 14, makes such analysis obligatory as a condition to reliance on a summary disposition.[2] Completion of this process satisfied the Court of Appeals that one or more of the earlier jurisdictional statements had presented to this Court constitutional claims addressed to massage parlor ordinances, like those addressed by petitioners to the Philadelphia ordinance, "based upon equal, but reprehensible, treatment of both sexes; an invidiously discriminatory sex-based classification; an irrational exception in the ordinance for massage treatments given under the direction of a medical practitioner; unreasonable abridgement of the right to pursue a legitimate livelihood; and the irrebuttable presumption doctrine." 524 F. 2d, at 576 (footnotes omitted). Accordingly, the Court of Appeals, without expressing its own views of the merits of the constitutional contentions, but in compliance with the holding of *Hicks,* decided the constitutional questions adversely to petitioners solely and squarely upon the authority of *Smith* v. *Keator,* 419

---

[1] Although *Hicks* and the instant case involve the precedential effect of dismissals for want of a substantial federal question, the same principles apply to summary affirmances. See *Edelman* v. *Jordan,* 415 U. S. 651, 671 (1974). These principles, of course, have no applicability to other forms of summary action, such as dismissals for want of jurisdiction or for want of a properly presented federal question.

[2] See *Cantor* v. *Detroit Edison Co., ante,* at 617–618, n. 5 (STEWART, J., dissenting). I recognize that *Hicks* was not the first opinion of this Court that noted the precedential effect of certain summary dispositions. But some have viewed *Hicks* as clarifying this question, and for convenience I shall refer to this principle as the *Hicks* rule.

U. S. 1043 (1974), dismissing for want of a substantial federal question 285 N. C. 530, 206 S. E. 2d 203; *Rubenstein* v. *Township of Cherry Hill,* 417 U. S. 963 (1974), dismissing for want of a substantial federal question No. 10,027 (N. J. Sup. Ct., Jan. 29, 1974) (unreported); and *Kisley* v. *City of Falls Church,* 409 U. S. 907 (1972), dismissing for want of a substantial federal question 212 Va. 693, 187 S. E. 2d 168.

It may be that the Court of Appeals would have reached the same result in a full and reasoned opinion addressed to the merits of the several constitutional contentions. But we do not know, because the Court of Appeals carefully concealed its views on the premise that *Hicks* precluded such expression in holding that state and lower federal courts are conclusively bound by summary dispositions. That premise was also accepted by the Court of Appeals for the Fourth Circuit in a case also involving an attack on the constitutionality of a massage parlor ordinance; there the Court of Appeals believed that a substantial federal question deserving elaboration was presented, but read *Hicks* as foreclosing such elaboration. *Hogge* v. *Johnson,* 526 F. 2d 833 (1975).

A panel of the Court of Appeals for the Seventh Circuit recently faced the same dilemma in *Sidle* v. *Majors,* 536 F. 2d 1156 (1976). Appellant in that case challenged the Indiana guest statute on equal protection grounds. After discussing the relevant factors, the court stated that "we consider the foregoing considerations to be persuasive that this guest statute contravenes the Equal Protection Clause." *Id.,* at 1158. The court noted a decision to the contrary, *Silver* v. *Silver,* 280 U. S. 117 (1929), but concluded that later equal protection cases had left the premises of that decision no longer valid. 536 F. 2d, at 1159. The court also cited

eight State Supreme Court decisions invalidating guest statutes on equal protection grounds.[3]   Thus, the court held: "We can find no necessary rational relation to a legitimate state interest (*Reed* v. *Reed,* 404 U. S. 71, 75–76 [1971]) that would require us to sustain the legislation." *Ibid.*   Nevertheless, the court considered itself bound by *Cannon* v. *Oviatt,* 419 U. S. 810 (1974), dismissing for want of a substantial federal question 520 P. 2d 883 (Utah), and it therefore rejected the equal protection argument.   Finally, because the court was the first Federal Court of Appeals to consider this issue and there was a severe conflict of authority among the state courts, see n. 4, *infra,* the court remarked:

> "The frequency with which the question has arisen and the disagreement among the courts attest to the importance of the issue, its difficulty and the need for conclusive resolution so that the present viability of *Silver* v. *Silver* can be authoritatively determined."   536 F. 2d, at 1160.

Clearly, then, the same reasons that lead us to deny conclusive precedential value in this Court to our summary dispositions require that we allow the same latitude to state and lower federal courts.   We accord summary dispositions less precedential value than dispositions by opinion after full briefing and oral argument, because jurisdictional statements, and motions to affirm or dismiss addressed to them, rarely contain more

---

[3] *Brown* v. *Merlo,* 8 Cal. 3d 855, 506 P. 2d 212 (1973); *Thompson* v. *Hagan,* 96 Idaho 19, 523 P. 2d 1365 (1974); *Henry* v. *Bauder,* 213 Kan. 751, 518 P. 2d 362 (1974); *Manistee Bank* v. *McGowan,* 394 Mich. 655, 232 N. W. 2d 636 (1975); *Laakonen* v. *Eighth Jud. Dist. Court,* 538 P. 2d 574 (Nev. 1975); *McGeehan* v. *Bunch,* 88 N. M. 308, 540 P. 2d 238 (1975); *Johnson* v. *Hassett,* 217 N. W. 2d 771 (N. D. 1974); *Primes* v. *Tyler,* 43 Ohio St. 2d 195, 331 N. E. 2d 723 (1975).

than brief discussions of the issues presented—certainly not the full argument we expect in briefs where plenary hearing is granted. And, of course, neither the statements nor the motions are argued orally. Actually, the function of the jurisdictional statement and motion to dismiss or affirm is very limited: It is to apprise the Court of issues believed by the appellant to warrant, and by the appellee not to warrant, this Court's plenary review and decision. Thus each paper is addressed to its particular objective in that regard and eschews any extended treatment of the merits. The appellant often concentrates on trying to persuade us that the appealed decision conflicts with the decision of another court and that the conflict requires our resolution. The motions to dismiss or affirm will try to persuade us to the contrary. This treatment is fully in compliance with our Rules, which call for discussion of whether "the questions presented are so substantial as to require plenary consideration, with briefs on the merits and oral argument," and not for treatment of the merits. This Court's Rules 15 (1)(e), (f), 16 (1). Thus, the nature of materials before us when we vote summarily to dispose of a case rarely suffices as a basis for regarding the summary disposition as a conclusive resolution of an important constitutional question, and we therefore do not treat it as such. For the same reason we should not require that the district courts, courts of appeals, and state courts do so.

There is reason for concern that *Hicks* will impair this Court's ability—indeed, responsibility—to adjudicate important constitutional issues. Where a state appellate court rejects a novel federal constitutional challenge, and simultaneously rejects a similar state-law challenge, a dismissal for want of a substantial federal question will definitively resolve that issue of federal law for all courts in this country, as would a summary affirmance from a federal court. Resolution of important issues, in my

view, ought not be made solely on the basis of a single jurisdictional statement, without the benefit of other court decisions and the helpful commentary that follows significant developments in the law. One factor that affects the exercise of our discretionary jurisdiction is a desire to let some complex and significant issues be considered by several courts before granting certiorari. Although this discretionary factor cannot be given weight as to cases on our appellate docket, the effect of *Hicks,* as I have said, is to prevent this Court from obtaining the views of state and lower federal courts on important issues; after dismissal for want of a substantial federal question or summary affirmance of the first case raising a particular constitutional question, no court will again consider the merits of the question presented to this Court. This consequence will be especially unfortunate in the instances in which the first appellants to get to this Court do a poor job of advocacy, which may prevent the Court from appreciating the true significance of the case. Furthermore, although *Hicks* does not prevent this Court from disregarding its summary dispositions, the binding effect of such dispositions on state and lower federal courts will cause issues to be presented to this Court in future cases without a fully developed record addressed to the merits of the specific case. This effect seriously diminishes our ability to reconsider issues previously disposed of summarily.[4]

---

[4] A further anomaly is that we may have denied certiorari in state and federal cases dealing with a specific issue where the decisions below reach inconsistent results, but these conflicts are then resolved merely by dismissing a single appeal from a state-court decision. This, in my view, is both an unwise and unseemly administration of justice.

Moreover, of the eight state cases invalidating guest statutes cited by the Seventh Circuit in *Sidle,* see n. 3, *supra,* six were based on federal and state grounds, while two were based solely on state

Moreover, summary dispositions are rarely supported even by a brief opinion identifying the federal questions presented or stating the reasons or authority upon which the disposition rests. A mere "affirmed" or "dismissed for want of a substantial federal question" appears on the order list announcing the disposition, even in cases some of us believe present major constitutional issues. See, *e. g., Doe* v. *Commonwealth's Attorney,* 425 U. S. 901 (1976) (BRENNAN, MARSHALL, and STEVENS, JJ., dissenting); *Ringgold* v. *Borough of Collingswood,* 426 U. S. 901 (1976) (BRENNAN, MARSHALL, and BLACKMUN, JJ., dissenting). When presented with the contention that our unexplained dispositions are conclusively binding, puzzled state and lower court judges are left to guess as to the meaning and scope of our unexplained dispositions. We ourselves have acknowledged that summary dispositions are "somewhat opaque," *Gibson* v. *Berryhill,* 411 U. S. 564, 576 (1973), and we cannot deny that they have sown confusion.[5]

It is no answer that a careful examination of the jurisdictional statements in prior cases—a task required by *Hicks* and fully performed by the Court of Appeals in

---

law. We therefore had no jurisdiction to review these decisions. *Minnesota* v. *National Tea Co.,* 309 U. S. 551 (1940). On the other hand, the *Sidle* court also cited seven state decisions upholding guest statutes, all of which necessarily reject both the state and federal claims. One of these cases was appealed to this Court, and we dismissed the appeal. And now, simply because we declined to review the only one of these 15 cases to come to this Court, an obviously substantial federal question is to be deemed foreclosed. See *supra,* at 915.

[5] One striking example is the diverse reading of our summary affirmance in *McInnis* v. *Ogilvie,* 394 U. S. 322 (1969), discussed at length in Note, Summary Disposition of Supreme Court Appeals: The Significance of Limited Discretion and a Theory of Limited Precedent, 52 B. U. L. Rev. 373, 381–391 (1972).

this case—will resolve the ambiguity.  As long as we give no explanation of the grounds supporting our summary disposition, such examination cannot disclose, for example, that there is no rationale accepted by a majority of the Court.  Plainly, six Members of the Court may vote to dismiss or affirm an appeal without any agreement on a rationale.  It is precisely in these areas of the law, however, that there probably is the greatest need for this Court to clarify the law.

In addition, there will always be the puzzling problem of how to deal with cases that are similar, but not identical, to some case that has been summarily disposed of in this Court.  Courts should, of course, not feel bound to treat a summary disposition as binding beyond those situations in which the issues are the same.  *Hicks* v. *Miranda,* 422 U. S., at 345 n. 14.[6]  But there is a significant risk that some courts may try to resolve the ambiguity inherent in summary dispositions by attaching too much weight to dicta or overbroad language contained in opinions from which appeals were taken and resolved summarily in this Court.  THE CHIEF JUSTICE has noted that "[w]hen we summarily affirm, without opinion, the judgment of a three-judge district court we affirm the

---

[6] In some instances, lower courts have clearly carried *Hicks* too far.  The Court of Appeals for the Fifth Circuit recently rejected the claim that a city ordinance requiring municipal employees to live within the city violated the employees' constitutional right to travel.  *Wright* v. *City of Jackson,* 506 F. 2d 900 (1975).  The Court of Appeals relied solely on this Court's dismissal for want of a substantial federal question of an appeal concerning a similar ordinance.  *Id.,* at 902.  But, as recognized in *McCarthy* v. *Philadelphia Civ. Serv. Comm'n,* 424 U. S. 645 (1976), that dismissal could not be relied upon for this purpose, since the right-to-travel argument had not been considered by the state court and had not been raised in the jurisdictional statement in this Court.  The same error was made in *Ahern* v. *Murphy,* 457 F. 2d 363 (CA7 1972).

judgment but not necessarily the reasoning by which it was reached." *Fusari* v. *Steinberg,* 419 U. S. 379, 391 (1975) (concurring opinion). The same principle obviously applies to dismissals for want of a substantial federal question. Moreover, it ought to be clear to state and lower federal courts that principles set forth in full opinions cannot be limited merely by a summary disposition; a summary disposition "settles the issues for the parties, and is not to be read as a renunciation by this Court of doctrines previously announced in our opinions after full argument." *Id.,* at 392. See also *Edelman* v. *Jordan,* 415 U. S., at 671.

Further ambiguity is created by the Court's practice of summarily affirming only in federal cases and dismissing for want of a substantial federal question only in state cases—a practice that, I confess, I have accepted uncritically for nearly 20 years. When we summarily affirm in an appeal from a three-judge district court, we necessarily hold that a three-judge court was required; otherwise, we would be without jurisdiction under 28 U. S. C. § 1253. This affirmance, then, encompasses a holding that there was a "substantial federal question" requiring convening of a three-judge court under 28 U. S. C. § 2281. Yet, we would "dismiss for want of a substantial federal question" an appeal from a state appellate court raising the identical issue. The language used to dispose of appeals in state cases is clearly misleading; the Court may be saying either that the federal question is insufficiently substantial to support jurisdiction *or* that a substantial federal question was correctly decided and that this conclusion will not be affected by full briefing and oral argument. Even these alternatives are not mutually exclusive, however, since the six or more Members of the Court voting to dismiss might not agree in a particular case; at least where a majority of the Court votes to dismiss on the latter ground, we ought

not create still more confusion by dismissing for want of a substantial federal question. As two leading commentators on the Court's practice have noted:

> "When the Court feels that the decision below is correct and that no substantial question on the merits has been raised, it will affirm an appeal from a federal court, but will dismiss an appeal from a state court 'for want of a substantial federal question.' Only history would seem to justify this distinction; it would appear more sensible to affirm appeals from both state and federal courts when the reason for the summary disposition is that the decision below is correct." R. Stern & E. Gressman, Supreme Court Practice 233 (4th ed. 1969).

Even if the Court rejects my view that *Hicks* should be modified, at a minimum we have the duty to provide some explanation of the issues presented in the case and the reasons and authorities supporting our summary dispositions. This surely should be the practice in cases presenting novel issues or where there is a disagreement among us as to the grounds of the disposition, and I think it should be the practice in every case. In addition, we ought to distinguish in our dispositions of appeals from state courts between those grounded on the insubstantiality of the federal questions presented and those grounded on agreement with the state court's decision of substantial federal questions. Our own self-interest should counsel these changes in practice. After *Hicks* we necessarily are under pressure to grant plenary review of state and lower federal court decisions, such as this case and *Hogge*, that rest exclusively on our unexplained summary dispositions. For since *Hicks* forecloses future plenary review of the issues in the state and lower federal courts, the issues will never have plenary review if not afforded here.

I would grant the petition for certiorari and remand the case to the Court of Appeals for determination of petitioner's constitutional contentions giving appropriate, but not necessarily conclusive, weight to our summary dispositions.