No. 76–309. SIDLE *v.* MAJORS. C. A. 7th Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

This case presents the question whether the Indiana motor vehicle guest statute violates the Equal Protection Clause of the Fourteenth Amendment.[1] Forty-seven years ago *Silver* v. *Silver*, 280 U. S. 117 (1929), held that a Connecticut guest statute, providing that no person carried gratuitously as a guest in a motor vehicle might recover from the owner or operator for injuries caused by its negligent operation, was not in conflict with the Equal Protection Clause because of the distinction it made between passengers so carried and those in other classes of vehicles. The Court's rationale was that "it is not so evident that no grounds exist for the distinction that we can say *a priori* that the classification is one forbidden as without basis, and arbitrary." *Id.*, at 123. But under today's equal protection jurisprudence the classification must satisfy the standard of rational-

---

[1] The Indiana statute, Ind. Code § 9–3–3–1 (1973), provides: "*Guest of owner of operator—Right to damages.*—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

ity, and the Court of Appeals in the instant case was of the view that the classification made by the Indiana statute could not be sustained under that standard: "We can find no necessary rational relation to a legitimate state interest . . . that would require us to sustain the legislation." 536 F. 2d 1156, 1159 (CA7 1976).

Within only the past five years high courts of no less than 17 States have examined or re-examined their automobile guest statutes challenged as denying equal protection, and almost one-half of those courts have struck down their State's statutes as unconstitutional under both the Federal and State Constitutions.[2] This conflict of view might rea-

---

[2] These decisions are the culmination of many years of controversy over guest statutes. See, e. g., W. Prosser, Law of Torts 186–187 (4th ed. 1971); Note, The Present Status of Automobile Guest Statutes, 59 Cornell L. Rev. 659 (1974); Lascher, Hard Laws Make Bad Cases—Lots of Them (The California Guest Statute), 9 Santa Clara Law. 1 (1968); White, The Liability of an Automobile Driver to a Non-paying Passenger, 20 Va. L. Rev. 326 (1934).

Cases in which guest statutes have been held unconstitutional are: *McGeehan* v. *Bunch,* 88 N. M. 308, 540 P. 2d 238 (1975) (unconstitutional under both federal and state law); *Laakonen* v. *Eighth Judicial District Court,* 91 Nev. 506, 538 P. 2d 574 (1975) (unconstitutional under both federal and state law); *Manistee Bank & Trust Co.* v. *McGowan,* 394 Mich. 655, 232 N. W. 2d 636 (1975) (unconstitutional under state law); *Primes* v. *Tyler,* 43 Ohio St. 2d 195, 331 N. E. 2d 723 (1975) (unconstitutional under both federal and state law); *Thompson* v. *Hagan,* 96 Idaho 19, 523 P. 2d 1365 (1974) (unconstitutional under both federal and state law); *Henry* v. *Bauder,* 213 Kan. 751, 518 P. 2d 362 (1974) (unconstitutional under both federal and state law); *Johnson* v. *Hassett,* 217 N. W. 2d 771 (ND 1974) (unconstitutional under state law); *Brown* v. *Merlo,* 8 Cal. 3d 855, 506 P. 2d 212 (1973) (unconstitutional under both federal and state law).

Cases in which guest statutes have been held constitutional are: *Sidle* v. *Majors,* —— Ind. ——, 341 N. E. 2d 763 (1976) (on certified question to the Indiana Supreme Court from the Court of Appeals for the Seventh Circuit in the instant case); *Behrns* v. *Burke,* —— S. D. ——, 229 N. W. 2d 86 (1975); *White* v. *Hughes,* 257 Ark. 627, 519 S. W. 2d 70, dismissed for want of substantial federal question, 423 U. S. 805 (1975); *Richardson*

sonably lead bench and bar to expect that this Court would grant review of a case that afforded an opportunity to re-examine *Silver* in light of today's rationality standard. But two Terms ago we summarily dismissed an appeal from the Utah Supreme Court sustaining the constitutionality of the Utah guest statute, which provides that a person injured while being transported gratuitously in any vehicle on a Utah public highway may not recover from the owner, driver, or person responsible for the operation of the vehicle, unless the injury was proximately caused by the intoxication or willful misconduct of the defendant. *Cannon* v. *Oviatt,* 419 U. S. 810 (1974). Today the Court denies the application for certiorari in this case involving the constitutionality of the Indiana guest statute, which is similar but not identical to the Utah statute. I respectfully dissent from the denial.

The Court of Appeals, despite its considered view that the Indiana statute was unconstitutional, sustained the statute because *Hicks* v. *Miranda,* 422 U. S. 332 (1975), decided a year after the summary dismissal in *Cannon* v. *Oviatt,* held that state and lower federal courts are as bound by our summary dispositions of appeals as by our dispositions after plenary consideration. 536 F. 2d, at 1160. Thus, even though the summary dismissal of *Cannon* v. *Oviatt* was made in the face of widespread conflict among state courts on the

v. *Hansen,* 186 Colo. 346, 527 P. 2d 536 (1974); *Duerst* v. *Limbocker,* 269 Ore. 252, 525 P. 2d 99 (1974); *Cannon* v. *Oviatt,* 520 P. 2d 883 (Utah), dismissed for want of substantial federal question, 419 U. S. 810 (1974); *Keasling* v. *Thompson,* 217 N. W. 2d 687 (Iowa 1974); *Justice* v. *Gatchell,* 325 A. 2d 97 (Del. 1974); *Tisko* v. *Harrison,* 500 S. W. 2d 565 (Tex. Civ. App. 1973); *Delany* v. *Badame,* 49 Ill. 2d 168, 274 N. E. 2d 353 (1971).

One Federal Court of Appeals, sitting in admiralty, has refused to follow a state boat guest statute, but on statutory and common-law rather than constitutional grounds. *St. Hilaire Moye* v. *Henderson,* 496 F. 2d 973, 979–982 (CA8 1974).

impact of the Equal Protection Clause upon their guest statutes, was made without the benefit of briefs or oral argument on the merits, and was announced without opinion or even citation to *Silver* or any other precedent,[3] the Court denies certiorari in this case and perforce brings to a halt any further dialogue in either state or federal courts. This consequence of *Hicks* v. *Miranda* was anticipated in my dissent from denial of certiorari in *Colorado Springs Amusements, Ltd.* v. *Rizzo,* 428 U. S. 913 (1976). It is a consequence that must bode ill for developing constitutional jurisprudence. If significant constitutional issues are to be decided summarily without any briefing or oral argument, and with only momentary and offhanded Conference discussion, and if these summary dispositions nevertheless bind the courts of the 50 States and all lower federal courts, respect for our constitutional decisionmaking must inevitably be impaired.

When *Cannon* v. *Oviatt* was summarily dismissed, it is fair to say that not only legal scholars, judges of state and lower federal courts, and practicing attorneys, but also Members of this Court, assumed that summary dispositions without opinion did not have the same precedential force as decisions rendered with opinion after plenary consideration—indeed it was properly perceived that behind our summary dispositions of appeals lie many of the same considerations that account for denials of certiorari. See, *e. g., Ohio ex rel. Eaton* v. *Price,* 360 U. S. 246 (1959); Frankfurter & Landis, The Business of the Supreme Court at October Term, 1929, 44 Harv. L. Rev. 1, 12–14 (1930); P. Bator, P. Mishkin, D. Shapiro, & H. Wechsler, Hart & Wechsler's The Federal

---

[3] Perhaps the Utah and Indiana statutes can be distinguished, for "it may safely be said that there are as many different guest laws as there are acts." W. Prosser, Law of Torts 187 (4th ed. 1971). However, the Court of Appeals was in no position to say whether *Cannon* might be inapplicable for that reason since our bare dismissal gives not the slightest hint of the ground of the dismissal.

Courts and the Federal System 648–649 (2d ed. 1973); R. Stern & E. Gressman, Supreme Court Practice 195, 230–232 (4th ed. 1969).[4] Had the Court foreseen that *Hicks,* decided a year later, would convert the *Cannon* dismissal into an iron-clad holding compelling the Court of Appeals in this case to abandon its own considered view of the merits, it seems probable that at the very least the Court, because of the doubts widely shared as to the continuing vitality of *Silver* v. *Silver,* would have given more thought to the propriety, even desirability, of a summary dismissal. I can say that I certainly would have done so.

*Hicks* has now eliminated from the consideration of appeals the desirable latitude each of us formerly had to weigh, as in the case of petitions for certiorari, whether the issue presented is sufficiently important to merit plenary review, and whether in any event the question might better be addressed after we have had the benefit of the views of other courts. Particularly unfortunate, I think, is the inevitability that *Hicks* will prematurely cut off, as it has in the case of these guest statutes, consideration of important and evolving federal constitutional questions by the state and lower federal courts. It frequently happens that difficult constitutional issues go through a valuable maturing process, and this Court and developing jurisprudence generally profit enormously from the accumulated wisdom of various courts that have considered the issues in a number of contexts and from a number of angles. *Hicks,* however, now mandates that summary dispositions must be followed as fully binding

---

[4] A much commented upon example of a certiorari-like dismissal of a state court appeal is *Naim* v. *Naim,* 350 U. S. 985 (1956), dismissing 197 Va. 734, 90 S. E. 2d 849, which upheld the Virginia miscegenation statute later invalidated in *Loving* v. *Virginia,* 388 U. S. 1 (1967). For comment, compare H. Wechsler, Principles, Politics, and Fundamental Law 46–47 (1961), with A. Bickel, The Least Dangerous Branch 174 (1962), and Pollack, The Supreme Court and the States: Reflections on *Boynton* v. *Virginia,* 49 Calif. L. Rev. 15, 45 n. 79 (1961).

precedents by state and lower federal courts, regardless of the maturity of the issue, and regardless of the fact that even when the issue is before us for the first time, our disposition is made without opinion, without briefing or oral argument, and after only the most cursory Conference discussion.

The interaction of *Hicks* v. *Miranda* and *Cannon* v. *Oviatt* upon the ferment in state courts over the constitutionality of automobile guest statutes reveals yet another reason for granting certiorari in this case. The operation of the *Hicks* rule on our review of state-court decisions concerning state statutes has an inevitable, and I think heretofore unappreciated, bias in favor of upholding those statutes: the state-court decisions, cited in n. 2, *supra,* striking down guest statutes held them to be unconstitutional under both the Federal Constitution and their own State Constitutions. Any attempt by this Court to review those decisions would have failed, since the decisions also rested on an adequate state ground. *Minnesota* v. *National Tea Co.,* 309 U. S. 551 (1940). In practical effect, therefore, only a state-court decision sustaining a state statute against federal constitutional challenge could be a vehicle for review, which, as in *Cannon* v. *Oviatt,* would probably be by appeal and not by certiorari. 28 U. S. C. § 1257 (2). Since our practice of treating appeals similarly to petitions for certiorari has resulted in a number of dismissals that would probably not have been entered if the appeals had been treated fully and seriously on their merits, it follows that these dismissals have had an inevitable tendency to leave intact statutes that might not have survived plenary review in this Court.

Today's denial again leaves undisturbed, because of *Hicks,* a decision upholding a statute whose constitutionality is patently open to serious debate. This undesirable and, I must believe, largely unintended result should convince the Court that *Hicks* should be re-examined. At the very least,

since *Cannon* v. *Oviatt* is not a precedent binding on us, *Edelman* v. *Jordan*, 415 U. S. 651, 671 (1974), the petition should be granted so that we may give plenary consideration to the constitutional issue that has stirred such conflict among state and lower federal courts.