DECEMBER 12, 1977†

No. 77–132. HILL *v.* GARNER. Appeal from Sup. Ct. Ore. dismissed for want of substantial federal question. 

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

The issue presented by this appeal from the Oregon Supreme Court is whether Oregon's guest-passenger statute, Ore. Rev. Stat. § 30.115 (1975),[1] violates either the Equal

---

*See also note, *supra,* p. 978.

†MR. JUSTICE BLACKMUN took no part in the consideration or decision of cases in which orders hereinafter reported were announced on this date, with the exception of the following:

No. 77–132, *infra,* this page; No. 77–211, *infra,* p. 1000; No. 77–249, *infra,* p. 1001; No. 77–365, *infra,* p. 996; No. 77–369, *infra,* p. 996; No. 77–503, *infra,* p. 1001; No. 77–534, *infra,* p. 1002; and No. 77–568, *infra,* p. 1002.

[1] Section 30.115 reads as follows:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which

Protection or Due Process Clause of the Fourteenth Amendment. The statute, which prevents a nonpaying passenger from recovering against the owner or operator of a vehicle except in those situations in which the passenger's injury is the result of an intentional or grossly negligent act on the part of the owner or operator, was upheld by the Oregon court on the basis of its earlier decisions sustaining the statute's constitutionality. See *Duerst v. Limbocker,* 269 Ore. 252, 525 P. 2d 99 (1974); *Salmon v. Miller,* 269 Ore. 267, 525 P. 2d 104 (1974); *Jenson v. Spencer,* 269 Ore. 411, 525 P. 2d 153 (1974).

In 1929 this Court held that Connecticut's guest statute did not violate the Equal Protection Clause, because it could not be said that "no grounds exist[ed] for the distinction" between gratuitous passengers in automobiles and those in other classes of vehicles. *Silver v. Silver,* 280 U. S. 117, 123 (1929). While that decision for a while foreclosed federal equal protection challenges to the guest statutes of the various States, in recent years the issue of the constitutional validity of these statutes has been frequently litigated in state courts with conflicting results. Since 1971 the highest courts of no fewer than 6 States have concluded that their guest statutes violated the Equal Protection Clause of the Fourteenth Amendment,[2] while during the same period similar statutes

is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity.

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

[2] In the following cases guest statutes were declared invalid on federal constitutional grounds: *McGeehan v. Bunch,* 88 N. M. 308, 540 P. 2d 238 (1975); *Laakonen v. Eighth Judicial District Court,* 91 Nev. 506, 538 P. 2d 574 (1975); *Primes v. Tyler,* 43 Ohio St. 2d 195, 331 N. E. 2d 723 (1975); *Thompson v. Hagan,* 96 Idaho 19, 523 P. 2d 1365 (1974); *Henry v. Bauder,* 213 Kan. 751, 518 P. 2d 362 (1974); *Brown v. Merlo,* 8 Cal. 3d 855, 506 P. 2d 212 (1973). In each of these cases, the statute was also invalidated on state constitutional grounds, but it is apparent

have been upheld against federal constitutional attack in 10
States.[3] Typical of those decisions striking down the guest
statutes is *Brown* v. *Merlo,* 8 Cal. 3d 855, 506 P. 2d 212
(1973), in which the California Supreme Court concluded
that the classifications created by the challenged statute
between those denied and those permitted recovery for neg-
ligently inflicted injuries did not bear a substantial and
rational relation to the statute's purposes of protecting the
hospitality of the host driver and of preventing collusive law-
suits. *Silver* v. *Silver* was expressly distinguished as involv-
ing different equal protection considerations. In contrast, the
Oregon Supreme Court, among others, has held that the hos-
pitality rationale does support the distinctions drawn by the
State's guest statute. *Duerst* v. *Limbocker, supra.*

As could be expected from the frequency of the considera-
tion of this question by the state courts and from the con-
tradictory results, the issue has been presented here several

that various equal protection cases in this Court, such as *Jimenez* v. *Wein-
berger,* 417 U. S. 628 (1974); *Reed* v. *Reed,* 404 U. S. 71 (1971); *Glona* v.
*American Guarantee & Liability Ins. Co.,* 391 U. S. 73 (1968), were
read as requiring a different federal constitutional result from that
announced in *Silver* v. *Silver* and were influential factors in arriving at the
state-law conclusion.

Additionally, in two cases guest statutes were invalidated on state con-
stitutional grounds: *Manistee Bank & Trust Co.* v. *McGowan,* 394 Mich.
655, 232 N. W. 2d 636 (1975); *Johnson* v. *Hassett,* 217 N. W. 2d 771
(N. D. 1974).

[3] In the following cases guest statutes were upheld: *Sidle* v. *Majors,* 536
F. 2d 1156 (CA7), cert. denied, 429 U. S. 945 (1976); *Behrns* v. *Burke,*
89 S. D. 96, 229 N. W. 2d 86 (1975); *White* v. *Hughes,* 257 Ark. 627, 519
S. W. 2d 70, appeal dismissed for want of substantial federal question,
423 U. S. 805 (1975); *Richardson* v. *Hansen,* 186 Colo. 346, 527 P. 2d 536
(1974); *Duerst* v. *Limbocker,* 269 Ore. 252, 525 P. 2d 99 (1974);
*Cannon* v. *Oviatt,* 520 P. 2d 883 (Utah), appeal dismissed for want of
substantial federal question, 419 U. S. 810 (1974); *Keasling* v. *Thompson,*
217 N. W. 2d 687 (Iowa 1974); *Justice* v. *Gatchell,* 325 A. 2d 97 (Del.
1974); *Tisko* v. *Harrison,* 500 S. W. 2d 565 (Tex. Civ. App. 1973); *Delany*
v. *Badame,* 49 Ill. 2d 168, 274 N. E. 2d 353 (1971).

times in recent years. In each of the last three Terms, we have been asked to consider whether a state or federal court had correctly determined that a state guest statute did not violate the Equal Protection Clause, and on each occasion we declined to grant plenary consideration of the question. *Sidle* v. *Majors,* 536 F. 2d 1156 (CA7), cert. denied, 429 U. S. 945 (1976); *White* v. *Hughes,* 257 Ark. 627, 519 S. W. 2d 70, appeal dismissed for want of substantial federal question, 423 U. S. 805 (1975); *Cannon* v. *Oviatt,* 520 P. 2d 883 (Utah), appeal dismissed for want of substantial federal question, 419 U. S. 810 (1974).

It is significant that on two of these occasions the issue was presented here by means of appeal and that the constitutional grounds urged for invalidity were similar to those relied upon by those courts that have invalidated state guest statutes. We nevertheless dismissed in these two instances for want of a substantial federal question, thus ruling on the merits of the equal protection issue, *Hicks* v. *Miranda,* 422 U. S. 332 (1975), and rejecting the challenge to the statutes.

Such dismissals, however, may not serve their intended purpose, for on at least three occasions since our decision in *Cannon* v. *Oviatt, supra,* state courts have invalidated guest statutes on the same or very similar equal protection grounds found to be insubstantial in *Cannon.* Because the significant division among state courts persists despite *Silver* v. *Silver, supra,* and despite our more recent relevant dismissals, I would note probable jurisdiction and set this case for oral argument.